## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No:_____

| | |
|---|---|
| **THE RICK NELSON COMPANY, LLC,**<br>**a Delaware limited liability company, on behalf of**<br>**itself and all others similarly situated,** | |
| **Plaintiff,** | **CLASS ACTION**<br>**COMPLAINT** |
| **v.** | |
| **SONY MUSIC ENTERTAINMENT, a**<br>**Delaware corporation,** | |
| **Defendant.** | |

1

Plaintiff, The Rick Nelson Company, LLC. ("Plaintiff" or "Nelson LLC"), on behalf of itself and all others similarly situated, alleges as follows upon personal knowledge as to Plaintiff's own conduct and on information and belief as to all other matters based on an investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery:

## I.    NATURE OF THE ACTION

1.    Defendant, Sony Music Entertainment ("Sony Music" or "Defendant"), is a record label which obtained the rights to exploit the artistic works of Plaintiff and Class members (defined below) in exchange for the payment of certain monies to these individuals and entities as required by standard contracts (hereinafter, "Compensation Agreement(s)" or "Agreement(s)").  The terms of the Compensation Agreements between Defendant and Plaintiff and Class members contain the same, if not, identical, language regarding the method of accounting for and paying the artists their share of the revenues based on all of the revenue received by Defendant.

2.    Defendant is contractually required to pay artists a portion of the international revenue it receives from the exploitation of Plaintiff's and Class members' artistic works from digital streaming abroad.  The Compensation Agreements do not allow Defendant to assess an "intercompany charge" for international sales reported by Defendant through its wholly-owned subsidiaries.  Despite this fact, Defendant did, and continues to, assess an intercompany charge for international sales.  By assessing an intercompany charge for international sales, Defendant impermissibly takes up to 68% off the top of the international revenue earned from streaming sales, and bases the artist's royalty rate on the remainder, which methodology directly violates

2

the terms of the Compensation Agreements.

3.     Defendant underreports revenue generated from foreign sales by improperly assessing an intercompany charge on revenues collected through its wholly-owned foreign affiliates, thereby impermissibly reducing the share owed to Plaintiff and Class members by the same amount.  Defendant does not have a contractual or equitable right to assess this intercompany charge on Plaintiff and Class members.

4.     Plaintiff brings this nationwide class action against Defendant for its failure to properly account to Plaintiff and Class members for income derived from the exploitation of their works.

5.     Plaintiff seeks monetary damages, injunctive and/or declaratory relief against Defendant for its willful breach of the Compensation Agreements, through which Defendant obtained the services of individuals and entities in exchange for the payment of certain monies to these individuals and entities.  Defendant has unilaterally breached the Compensation Agreements by deciding to pay Plaintiff and Class members less than the full amount owed to them under the express terms of the Compensation Agreements in connection with the distribution of their works.

## II.     VENUE AND JURISDICTION

6.     This Court has jurisdiction over the subject matter presented in this Complaint because it is a class action arising under the relevant provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which explicitly provides for the original jurisdiction of the federal courts of any class action in any which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the

aggregate the sum of $5,000,000, exclusive of interest and costs.

7.     The total claims of the individual members of the Class in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).  As set forth below, Plaintiff is a citizen of Delaware and Tennessee.  Defendant is a citizen of, and headquartered in, the State of New York.  Therefore, diversity of citizenship exists under CAFA, and diversity jurisdiction, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A).  Furthermore, more than two-thirds of all of the members of the proposed Class in the aggregate are citizens of a state other than New York, where this action is originally being filed, and the total number of members of the proposed Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

8.     Venue in this judicial District is proper pursuant to 28 U.S.C. § 1391(a) because, as set forth herein, Defendant conducts business in, and may be found in, this District, and the Compensation Agreements between Defendant and Plaintiff contain venue provisions which provide that any dispute arising under or concerning the Compensation Agreements must be filed in courts within this judicial District.

### III.     THE PARTIES

#### Plaintiff

9.     Plaintiff is a corporation organized under the laws of the State of Delaware whose principal place of business is located in Nashville, Tennessee.  Nelson LLC controls the estate of renowned singer/songwriter/actor Eric Hilliard "Rick" Nelson.  During his career, Rick Nelson released over 30 albums, almost all of which were in the "Billboard Top 100."  He also had

several top 10 hits such as "Poor Little Fool," which hit number 1 in 1958; "Lonesome Town,"

which hit number 7 in 1958; and "Travelin' Man," which hit number 1 in 1961.

10.     The Compensation Agreement at issue herein was entered into in or about August

1976 by CBS Records, a Division of Columbia Broadcasting System, Inc. ("CBS Records") and

Nelson LLC.  A true and correct copy of this Compensation Agreement and subsequent

amendment are attached hereto as Exhibit "1."  As alleged herein, Sony Music is the successor-

in-interest to CBS Records, the original contracting party in this matter, and has been paying

royalties directly to Plaintiff.

**<ins>Defendant</ins>**

11.     Defendant is a Delaware corporation with its principal place of business and

corporate headquarters located in New York, New York.  At all relevant times, Sony Music was

and continues to be in the business of exploiting the sound recordings of musical performances

and the audio-visual recordings of such performances.  Sony Music's exploitation includes, but

is not limited to, producing, manufacturing, distributing, licensing, and selling these recordings.

CBS Records is the predecessor to Sony Music.

12.     Defendant owns and operates some of the most iconic and influential labels and

brands in music, including Columbia Records, RCA, Epic Records, Arista Nashville, and Legacy

Recordings.[1]

---

[1]  *See* Sony Music Labels (available at https://www.sonymusic.com/labels/).

13.     Sony Music holds, and exploits, one of the largest collections of recorded music in the world.  Its catalog includes some of the best-selling artists of the 20th Century, including many legacy artists.

14.     In territories outside of the United States, music royalties are generally paid by the record labels to independent collection societies.  These foreign collection societies retain a commission (which is not at issue in this case) and remit the balance of the earnings derived from the exploitations of compositions to Sony Music through its so-called "foreign affiliates."

15.     Sony Music's foreign affiliates are wholly owned and/or controlled subsidiaries of Sony Music.  These entities are generally named Sony Music, with the name of the territory appended, such as Sony Music UK, Sony Music Australia, and so on.

16.     Sony Music exercises total control over these subsidiaries to create substantial profits and increase the corporate bottom line.  It is through these relationships with its foreign affiliates that Sony Music assesses the intercompany charge at issue herein that deprives artists such as Nelson LLC and the Class members of royalty revenues from foreign sales.  Sony Music pays royalties to the Class members in the United States.

17.     Sony Music and the foreign affiliates are alter egos of one another and form a single enterprise in that there is such a unity of interest and ownership between Sony and the foreign affiliates that separate personalities of the various entities do not exist, and failure to disregard their separate identities would result in fraud or injustice.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.     Plaintiff and all members of the Class have, or had, a contractual relationship with Sony Music and/or its predecessors for the exploitation of their artistic works.

19.     A record label such as Sony Music executes contracts with its artistic talent, which includes the ability of the label to license and distribute the works.  In exchange for its licensing and marketing of the artistic works, a label such as Sony Music is paid a significant share of the artists' earnings.  As set forth herein, not content to simply collect its contractually mandated share of the revenues, Sony Music also wrongfully keeps additional sums that are clearly attributable to artists.

20.     Although Sony Music purports to support artists and their royalties, it has decided to retain monies improperly in violation of the Agreements, impermissibly taking a percentage off the top of the international revenue earned from streaming sales of the works and basing the artist's royalty rate solely on the remainder of such earned revenue.

21.     As authors of works distributed worldwide, Plaintiff and members of the Class are entitled to their complete share of royalties due to them under their Agreements.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this class action on his own behalf and on behalf of a Class defined as follows:

> All persons and entities in the United States, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators who are or were parties to compensation agreements with Sony Music and its predecessors and subsidiaries whose music was streamed in a foreign country pursuant to such agreements.

23.     Plaintiff reserves the right to redefine the Class as the facts and or evidence may warrant.

24.     This action is properly maintainable as a class action.

7

25.     The Class for whose benefit this action is brought is so numerous that joinder of all Class members is impracticable.  While Plaintiff does not presently know the exact number of Class members, due to the extent of Defendant's catalog there are hundreds, if not thousands, of Class members, and those Class members can be determined and identified through Defendant's records and, if necessary, other appropriate discovery.

26.     The Class is so numerous that joinder of all Class members is impracticable.

27.     There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual Class members.  These common questions of law and fact include, but are not limited to:

a.     Whether Defendant has withheld international revenue from Plaintiff and members of the Class;

b.     Whether Plaintiff and the Class are entitled to an accounting;

c.     Whether interest should be paid on the withheld international revenue;

d.     Whether Defendant has been unjustly enriched by its actions;

e.     Whether the members of the Class are entitled to restitution, and, if so, what is the proper measure of such;

f.     Whether Defendant breached its contractual obligations by, *inter alia*, taking a percentage off the top from international revenue;

g.     Whether Defendant benefited financially from its wrongful acts;

h.     Whether Plaintiff and other Class members have been damaged by Defendant's actions or conduct; and

i.     The proper measure of damages.

8

28.     Plaintiff's claims are typical of the claims of the Class.  Sony Music's common course of conduct in violation of law as alleged herein has caused Plaintiff and Class members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and coextensive with the claims of the Class.

29.     Plaintiff is a member of the Class, does not have any conflicts of interest with other proposed Class members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiff is competent and experienced in litigating complex class actions, including those involving the entertainment industry.  Plaintiff will fairly and adequately represent and protect the interests of Class members.

30.     A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class member has been damaged and is entitled to recovery by reason of Sony Music's improper practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions economically feasible.  Individualized litigation increases the delay and expense to all parties and the Court.  By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

31.     Defendant has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

32.     Plaintiff anticipates no unusual difficulties in the management of this litigation as a class action.

### CLAIMS FOR RELIEF

### FIRST CLAIM
**(Breach of Contract)**
**(On Behalf of Plaintiff and all Class Members Against Defendant)**

33.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

34.     Plaintiff and Class members entered into the standard and uniform Compensation Agreements with Defendant.

35.     These Compensation Agreements contain provisions for Plaintiff and Class members to be paid on all monies received by Defendant from its distribution of the artistic works.

36.     Plaintiff and other Class members have performed their obligations under their respective Compensation Agreements by providing services called for under the Agreements, and at no time did Defendant advise them that their performance was inadequate.  As a result, all conditions required for Defendant's performance under the Compensation Agreements – namely, the payment of money to Plaintiff and Class members sought herein – have occurred.

37.     By reason of the foregoing, and other acts not presently known to Plaintiff and Class members, Defendant has materially breached the Compensation Agreements between itself

10

and the Plaintiff and Class members by failing to disburse streaming revenue derived from international sales owed to Plaintiff and Class members.

38.     By reason of the foregoing breaches, Plaintiff and other Class members have been damaged in an amount to be determined at trial.

## SECOND CLAIM
## UNJUST ENRICHMENT
**(On Behalf of Plaintiff and All Class Members Against Defendant)**

39.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

40.     As a result of Defendant's acts, as set forth in this Complaint, that have deprived and continue to deprive Plaintiff and Class members of the revenue to which they are entitled, Defendant has and continues to be unjustly enriched.

41.     As a result, Plaintiff and Class members request restitution of all monies improperly obtained and interest thereon.

42.     Defendant's infringing conduct is continuing and ongoing.  Plaintiff and Class members have suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law, unless Defendant is enjoined by the Court from continuing to collect such monies without paying them out.

43.     Plaintiff and Class members additionally seek the imposition of a constructive trust on all monies wrongfully obtained by Defendant for the benefit of Plaintiff's and Class members' interests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests of the Court the following relief:

1.      An Order certifying the proposed Class, designating Plaintiff as the named representative of the Class, and designating the undersigned as Class Counsel;

2.      A declaration that Defendant is financially responsible for notifying all Class members that the pertinent Compensation Agreements obligate it to include, pay, and/or credit Plaintiff and other Class members 100% of the income derived from the exploitation of the artistic works;

3.      An injunction requiring Defendant to abide by the express terms of its Compensation Agreements by including 100% of the income derived from the exploitation of the artistic works in the future and undertaking sufficient steps to attribute all income received;

4.      An Order granting Plaintiff and the Class an accounting;

5.      An award to Plaintiff and the Class of damages in an amount to be proven at trial;

6.      An award of attorneys' fees and costs, as allowed by law;

7.      An award of pre-judgment and post-judgment interest, as allowed by law;

8.      For leave to amend the Complaint to conform to the evidence presented at trial;

9.      For the Court to impose a constructive trust on the monies wrongfully withheld; and

10.      For such other, further, and different relief as the Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury to the extent that the allegations contained herein are triable by jury under Fed. R. Civ. P. 38 and 39.

DATED: September 25, 2018

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP

By      /s/ Laurie Rubinow

Laurie Rubinow
James C. Shah
52 Duane Street, 7th Floor
New York, New York 10007
Telephone: (212) 419-0156
Facsimile: (866) 300-7367
Email: lrubinow@sfmslaw.com
        jshah@sfmslaw.com

**JOHNSON & JOHNSON LLP**
Neville L. Johnson (Pro Hac Vice to be Filed)
Douglas L. Johnson (Pro Hac Vice to be Filed)
Arun Dayalan (Pro Hac Vice to be Filed)
439 N. Canon Dr. Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email:  njohnson@jjllplaw.com
        djohnson@jjllplaw.com
        adayalan@jjllplaw.com

**PEARSON, SIMON & WARSHAW, LLP**
Clifford H. Pearson (Pro Hac Vice to be Filed)
Daniel L. Warshaw (Pro Hac Vice to be Filed)
Bobby Pouya (Pro Hac Vice to be Filed)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
Email:  cpearson@pswlaw.com
        dwarshaw@pswlaw.com
        bpouya@pswlaw.com

13

**KIESEL LAW LLP**
Paul R. Kiesel (Pro Hac Vice to be Filed)
Jeffrey A. Koncius
Nicole Ramirez (Pro Hac Vice to be Filed)
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
Email: *kiesel@kiesel.law*
          *koncius@kiesel.law*
          *ramirez@kiesel.law*

*Attorneys for Plaintiff and the Propsoed Class*

14