UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE RICK NELSON COMPANY, LLC, a
Delaware limited liability company, on
behalf of itself and all others similarly
situated,

                        Plaintiff,

v.

SONY MUSIC ENTERTAINMENT, a
Delaware corporation,

                        Defendant.

Case No. 18-cv-08791 (LLS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/20

## PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on September 4, 2020, the parties to the above-entitled action (the "Action")

entered into a Stipulation and Agreement of Settlement (the "Stipulation," a copy of which is

attached hereto as Exhibit 1) which is subject to review under Rule 23 of the Federal Rules of

Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions

for the proposed settlement of the claims alleged in the Complaint with prejudice and without

costs; and the Court having read and considered the Stipulation and the accompanying

documents; and the parties to the Stipulation having consented to the entry of this Order; and all

capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 16th day of September     LLS

2020 that:

1.      The Court hereby preliminarily approves the Stipulation and the Settlement set

forth therein, as being a fair, reasonable and adequate settlement as to all Class Members within

the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of

informed, extensive, arm's length negotiation by counsel. The Court directs the Parties to proceed with the Settlement pursuant to the terms and conditions of the Stipulation and exhibits thereto, subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby conditionally certified as a class action on behalf of all persons and entities who are parties to a contract: (i) to which SME, or any entity of which SME is a member or partner and on behalf of which SME pays or credits royalties, is a party; (ii) that provides for exploitation of Recordings, the copyrights in which SME owns and/or controls; and (iii) in connection with which SME paid or credited any royalties for Foreign Streams calculated on a basis other than Foreign Streams At-Source Revenue during the period from September 25, 2012, through June 30, 2019, or any portion thereof. Excluded from the Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to SME.

3.    The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representative are typical of the claims of the Class it seeks to represent; (d) the Plaintiff and Plaintiff's Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

of the Settlement only, Plaintiff Rick Nelson Company, LLC is certified as Class Representative,

represented by Class Counsel at the law firms of Johnson & Johnson LLP, Pearson, Simon &

Warshaw, LLP, and Kiesel Law LLP.

5.     A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules

of Civil Procedure is hereby scheduled to be held before the Court on ___May   25___, 2021,        LLS

at _12: noon_ _m_. for the following purposes:

(a)     to finally determine whether this Action satisfies the applicable

prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil

Procedure;

(b)     to determine whether the proposed Settlement is fair, reasonable, and

adequate, and should be approved by the Court;

(c)     to determine whether the Order and Final Judgment as provided under the

Stipulation should be entered, dismissing the Complaint filed herein, with prejudice and without

costs;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of

the Settlement is fair and reasonable, and should be approved by the Court;

(e)     to consider Class Counsel's application for an award of attorneys' fees and

expenses and an enhancement award for Plaintiff; and

(f)     to rule upon such other matters as the Court may deem appropriate.

3

6.      If the Court approves the Settlement, then following the Settlement Hearing, it will enter the Order and Final Judgment.

7.      Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Stipulation, shall be considered as a factor in connection with any class certification issue(s) if the Stipulation terminates or the Settlement is not finally approved.

8.      The Settlement Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing. The Court may consider (with the consent of both Plaintiff and Defendant) modifications of the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses and an enhancement award for Plaintiff without further notice to the Class.

9.      The Court reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint with prejudice and without costs regardless of whether it has awarded attorneys' fees and expenses or an enhancement award to Plaintiff.

10.     The Court approves the form, substance and requirements of the Notice, the Claim Form, and Email Notice, annexed to the Stipulation as Exhibits A-1, A-2, and A-3 respectively.

11.     The parties have designated JND Legal Administration ("JND") as the Settlement Administrator. Having found it qualified, the Court appoints JND as the Settlement

4

Administrator and it shall perform all the duties of the Settlement Administrator as set forth in the Stipulation.

12.     Within fourteen (14) days after the Court preliminarily approves the Settlement and enters this Order, (i) the Settlement Administrator will email the Email Notice to each Foreign Streaming Royalty Recipient who is paid or credited royalties for Foreign Streams by SME that are not Foreign Streams At-Source Royalties (for purposes of this paragraph, "Potential Class Member") and for whom SME has an email address; and (ii) for Potential Class Members for whom SME does not have a valid email address, the Settlement Administrator will mail the Notice and Claim Form to the Potential Class Member's mailing address. The Settlement Administrator shall undertake reasonable efforts to locate an updated mailing address and resend the notice to any Potential Class Member whose initial mail or email notice is returned as undeliverable.

13.     The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed to the Stipulation as Exhibit A-4 and directs that the Settlement Administrator shall cause the Publication Notice to appear, as more fully described in the Settlement Administrator Notice Declaration, within thirty (30) days after the entry of this Order.

14.     Class Counsel shall, at least twenty (20) days before the Settlement Hearing, file with the Court proof of emailing of the Email Notice, proof of mailing of the Notice and Claim Form, and proof of publication of the Publication Notice.

15.     This civil action was commenced after February 18, 2005. The Court directs the Settlement Administrator to notify the appropriate Federal and State officials under the Class

5

Action Fairness Act of 2005, 28 U.S.C. § 1715, on behalf of Defendant. The Settlement Administrator shall, at or before the Settlement Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

16.     The form and content of the Notice, Publication Notice and Email Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

17.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons submit a Request for Exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by mail postmarked no later than November 30, 2020 (or, seventy-four (74) days from the entry of this Order), to the     LLS Settlement Administrator, at the Post Office Box indicated in the Notice. Such Request for Exclusion shall clearly indicate the name, address, email address, and telephone number of the artist (individual or band), producer or company seeking exclusion, a statement that the sender is otherwise a Class Member but requests to be excluded from the class settlement in the "SME Foreign Streaming Settlement," and must be signed by such person or entity. The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. As to each Class Contract, Requests for Exclusion shall be valid only if submitted by, or on behalf of, all persons and/or entities who are parties to such Class Contract.

6

18.     Class Counsel shall submit their papers in support of final approval of the

Settlement, the proposed Plan of Allocation, and their application for attorneys' fees and

expenses and an enhancement award for Plaintiff, at least 7 days before the objection deadline, *on or before* ~~at least 7 days before the objection deadline,~~   L L J

~~but no later than~~  _October 30_ 2020.

19.     Any Class Member may be heard and/or appear at the Settlement Hearing to show

cause why the proposed Settlement should not be approved as fair, reasonable and adequate and

why the Order and Final Judgment should not be entered thereon; why the proposed Plan of

Allocation should not be approved as fair, reasonable and adequate; or why Class Counsel

should not be awarded attorneys' fees and expenses in the amount sought by Class Counsel or

the Plaintiff should not be awarded an enhancement award in the amount sought; provided,

however, that no Class Member shall be heard or be entitled to contest the approval of the terms

and conditions of the proposed Settlement, the Order and Final Judgment to be entered, the

proposed Plan of Allocation or Class Counsel's application for an award of attorneys' fees and

expenses and an enhancement award for Plaintiff, unless on or before _November 30._

_2020_, the Class Member has served ~~by mail postmarked no later than~~ *mailed*   L L S

~~(i.e., seventy-four (74) days from the entry of this Order)~~, to the Settlement Administrator, at the

Post Office Box indicated in the Notice, written objections and any supporting documentation,

consistent with the requirements in the Notice. The Class Member also must serve by that date

any such objections and supporting documentation upon (a) Jonathan M. Sperling, Covington &

Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018-

1405, on behalf of the Defendant, and (b) Jeffrey A. Koncius, Kiesel Law LLP, 8648 Wilshire

Boulevard, Beverly Hills, CA 90211-2910, on behalf of the Plaintiff and the Class, and file the

objections, papers and briefs showing due proof of service upon all counsel identified above with

the Clerk of the Court, United States District Court for Southern District of New York, Daniel

Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312.

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in

opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for

attorneys' fees and expenses and an enhancement award for Plaintiff are required to indicate in

their written objection their intention to appear at the hearing. Persons who serve and file

objections, and who desire to present evidence at the Settlement Hearing, must include in their

written objections the identity of any witnesses they may call to testify and exhibits they intend

to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at

the hearing or take any other action to indicate their approval.

20.     Class Counsel and Defendant shall submit their papers, if any, in response to any

objections by no later than December 30, 2020.                                    LLS

21.     Any Class Member who does not object to the Settlement and/or the Plan of

Allocation and/or the adequacy of representation and/or Class Counsel's application for an award

of attorneys' fees and expenses and an enhancement award for Plaintiff in the manner prescribed

in the Notice shall be deemed forever to have waived such objection and shall forever be barred

from making any objection to the fairness, adequacy, or reasonableness of the proposed

Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of

Allocation, the adequacy of representation or the application by Class Counsel for an award of

attorneys' fees and expenses and an enhancement award for Plaintiff and from otherwise being

heard concerning these subjects in this or any other proceeding.

22.     Pending final determination of whether the Settlement should be approved, the

Plaintiff, all Class Members, and each of them, and any person or entity who acts or purports to

act on their behalf, shall not institute or commence any action which asserts Released Plaintiff

Claims against any Released Party.  Any Class Member who seeks relief from the Order

contained in the forgoing sentence must request such relief by application to the Court with at

least seven days' notice to the Parties.  Pending the Settlement Hearing, the Court stays all

proceedings in the Action, other than those proceedings necessary to carry out or enforce the

terms and conditions of the Stipulation.

23.     This Order, the Settlement, and any of their terms, and all negotiations,

discussions and proceedings in connection with this Order and the Settlement, shall not

constitute evidence, or an admission by the Defendant or the other Released Parties, that any acts

of wrongdoing have or have not been committed and shall not be deemed to create any inference

that there is or is not any liability on the part of the Defendant or any other Released Parties.

This Order, the Settlement, and any of their terms, and all negotiations, discussions and

proceedings in connection with this Order and the Settlement, shall not be offered or received in

evidence or used for any other purpose in this or any other proceeding in any court,

administrative agency, arbitration tribunal, or other forum of any kind or character in the United

States or any other country except as necessary to enforce the terms of this Order and/or the

Settlement.

24.     In the event the Settlement is terminated or the Effective Date fails to occur, then,

(i) the Stipulation, including any amendment(s) thereof, this Order conditionally certifying the

Class, the Class Representative, and Class Counsel for purposes of the Settlement, and any

findings or stipulations regarding certification of the Class shall be null and void, of no further

9

force or effect, and without prejudice to any party, and may not be introduced as evidence or

referred to in any actions or proceedings by any person or entity; (ii) the parties shall be deemed

to have reverted to their respective status in the Action as of March 1, 2020; and (iii) except as

otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and

any related orders had not been entered.

25.    The Court retains exclusive jurisdiction over the Action to consider all further

matters arising out of or connected with the Settlement.

Dated:    September 16, 2020

Louis L. Stanton

Honorable Louis L. Stanton
UNITED STATES DISTRICT JUDGE

10

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THE RICK NELSON COMPANY, LLC, a Delaware limited liability company, on behalf of itself and all others similarly situated,** | |
| **Plaintiff,** | **Case No. 18-cv-08791 (LLS)** |
| **v.** | |
| **SONY MUSIC ENTERTAINMENT, a Delaware corporation,** | |
| **Defendant.** | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

The Rick Nelson Company, LLC ("Plaintiff"), on behalf of itself and the Settlement Class (as defined below), and defendant Sony Music Entertainment ("Defendant," and together with Plaintiff, the "Parties"), on behalf of itself and all other entities identified in Paragraph 1(ee) below, by and through their attorneys, hereby stipulate to the dismissal of the claims asserted by Plaintiff and the Settlement Class against Defendant, upon and subject to the terms and conditions of this Stipulation and Agreement of Settlement (the "Stipulation") set forth below, as of September 4, 2020, subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## RECITALS

WHEREAS, the above-captioned action (the "Action") was brought as a class action on behalf of a class of persons who entered into recording or production agreements with SME, and alleged breach of those agreements with respect to the calculation of royalties on Recordings streamed in a foreign country;

WHEREAS, on September 25, 2018, Plaintiff filed the initial putative class action complaint against Defendant in the U.S. District Court for the Southern District of New York (the "Court") asserting causes of action for breach of contract and unjust enrichment; and

WHEREAS, on October 29, 2019 and January 22, 2020, the Parties attended mediation sessions conducted by, respectively, Ambassador David Huebner and the Honorable Louis M. Meisinger (Ret.);

WHEREAS, on March 19, 2020, the Parties submitted a letter advising the Court that the Parties had reached a settlement in principle and requesting an order adjourning all deadlines;

WHEREAS, Class Counsel (as defined below) have conducted a thorough investigation of the underlying events as alleged in the complaint, and have researched the applicable law with respect to the claims alleged and the potential defenses thereto;

WHEREAS, SME: denies all allegations of wrongdoing, fault, or liability, or that it has acted improperly in any way; believes that this Action lacks merit; would have continued to resist vigorously Plaintiff's claims and contentions and would have continued to assert its defenses thereto had this Stipulation not been reached; and has entered into this Stipulation to put the Released Plaintiff Claims (as defined below) to rest finally and forever solely for the purpose of avoiding prolonged and expensive litigation, without acknowledging in any way any fault, wrongdoing or liability whatsoever; and

WHEREAS, Plaintiff and Class Counsel believe that the claims asserted in the Action are meritorious and would have continued to vigorously prosecute those claims, but they have considered and weighed the risk, expense, and uncertainty involved in establishing the validity of their claims and have concluded that, in light of the uncertainty of the outcome as well as the substantial risks and inevitable delay in proceeding to trial, compared to the benefits being

provided hereby, the terms and conditions set forth herein are fair and reasonable and should be submitted to the Court for approval.

NOW THEREFORE, without any admission or concession of any lack of merit whatsoever by Plaintiff, and without any admission or concession of any liability or wrongdoing whatsoever by Defendant, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Plaintiff Claims (as defined below) as against the Released Parties (as defined below) shall be compromised, settled, released and dismissed with prejudice and without costs, upon and subject to the following terms and conditions:

## **CERTAIN DEFINITIONS**

1.     As used in this Stipulation, the following capitalized terms (not already defined above or as may be defined below) shall have the following meanings:

(a)     "Administrator-Passed Claimant" means a Claimant that the Settlement Administrator determines has submitted a Claim Form satisfying all of the requirements of Paragraph 22(c), including those Claimants who have timely cured any deficiency pursuant to Paragraph 22(d).

(b)      "Authorized Claimant" means an "Authorized Future Claimant" or "Authorized Past Claimant."

(c)     "Authorized Future Claimant" means any Class Member; provided however that such Class Member shall not be an Authorized Future Claimant (i) with respect to any Class Contract for which another party thereto has timely submitted a valid Request for Exclusion, and (ii) with respect to any Recording (x) for which such Class Member was paid a

Foreign Streams At-Source Royalty as of the period ended June 30, 2019, or (y) subject to an express contractual provision for a Foreign Streams At-Source Royalty that was in effect on or after July 1, 2019, other than by operation of this Stipulation.

(d)  "Authorized Past Claimant" means a Class Member on behalf of whom a timely, valid Claim Form has been submitted.

(e)  "Claimant" means a person or entity on whose behalf a Claim Form is submitted.

(f)  "Claim Form" means the form to be sent to potential Class Members, as provided in Paragraph 14 of this Stipulation, substantially in the form attached hereto as **Exhibit A-2**.

(g)  "Class Member(s)" means a person or entity that falls within the definition of the Settlement Class.

(h)  "Class Counsel" means the law firms of Johnson & Johnson LLP, Pearson, Simon & Warshaw, LLP, and Kiesel Law LLP.

(i)  "Class Contract" means a contract (i) to which SME, or any entity of which SME is a member or partner and on behalf of which SME pays or credits royalties, is a party; (ii) that provides for exploitation of Recordings, the copyrights in which SME owns and/or controls; and (iii) in connection with which SME paid or credited any royalties for Foreign Streams calculated on a basis other than Foreign Streams At-Source Revenue during the period from September 25, 2012, through June 30, 2019, or any portion thereof.

(j)  "Defendant's Counsel" means the law firm of Covington & Burling LLP.

(k)     "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in Paragraph 28 below.

(l)     "Email Notice" means the notice to be sent to potential Class Members by email, as provided in Paragraph 14 of this Stipulation, substantially in the form attached hereto as **Exhibit A-3**.

(m)     "Foreign Stream(s)" means a Stream or Streams outside of the United States.

(n)     "Foreign Streams At-Source Revenue" means, for a Foreign Stream, the revenue received directly from the digital service provider by SME or its principal licensee in the territory concerned.

(o)     "Foreign Streams At-Source Royalty" means a royalty for Foreign Streams calculated based on Foreign Streams At-Source Revenue.

(p)     "Foreign Streaming Royalty Recipient" means a person or entity to whom SME paid or credited a royalty for Foreign Streams during the period from September 25, 2012, through June 30, 2019, or any portion thereof.

(q)     "Notice" means the notice to be sent to potential Class Members, as provided in Paragraph 14 of this Stipulation, substantially in the form attached hereto as **Exhibit A-1**.

(r)     "Notice Order" means the order substantially in the form attached hereto as **Exhibit A**, to be entered by the Court, *inter alia,* preliminarily approving the terms and conditions of this Stipulation, directing that Notice be provided to the Settlement Class, and scheduling a hearing concerning final approval of the Settlement.

5

(s)    "Opt-Out" means a person or entity who would be a Class Member but for the fact that the person or entity has filed a valid and timely Request for Exclusion in accordance with the requirements set forth in the Notice.

(t)    "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached hereto as **Exhibit A-4**.

(u)    "Judgment" means the proposed Order and Final Judgment substantially in the form attached hereto as **Exhibit B**.

(v)    "Past Settlement Relief" means the agreement by Defendant to pay or credit royalties on past revenues from Foreign Streams, as described in Paragraphs 10 and 20(a) below.

(w)    "Recording" shall mean every form of recording, whether now known or unknown, embodying sound alone or sound accompanied by visual images, graphic material, text or other materials, by any method and on any substance or material, whether now or hereafter known.

(x)    "Released Plaintiff Claims" shall collectively mean any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, derivative, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, unjust enrichment, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Plaintiff, the Settlement Class, any Class Member or any of them in the past had, now has, or might in the

6

future have against the Released Parties or any of them on the basis of, connected with, or in any

way arising out of or relating to:

> (1) royalties credited or paid under Class Contracts with respect to Foreign
> Streams for the period up to and including June 30, 2019; and

> (2) any allegation, claim, or contention that, in connection with past,
> present, or future transactions involving Foreign Streams of a given Recording in
> a given territory, SME is obligated to pay or credit a different percentage of
> Foreign Streams At-Source Revenue than the Effective At-Source Rate or,
> commencing with the Implementation Date, for Authorized Future Claimants, the
> New Effective Rate expressly provided for in Paragraph 20(b) herein.

Except as expressly provided herein, nothing herein shall be deemed to terminate, modify or

cancel any provision of any Class Contract, each of which shall otherwise continue in full force

and effect in accordance with its terms. The release of the "Released Plaintiff Claims" pursuant

to this Stipulation is without prejudice to any other rights or audit rights not involving those

claims.

> (y)    "Request for Exclusion" means a written request to be excluded from the

Settlement Class submitted by a member of the Settlement Class in such form, in such manner,

and within the time limitation as set forth in the Notice.

> (z)    "Released Parties" means Defendant, including its unincorporated

divisions and business units, and any of its past, present, or future parent entities, associates,

affiliates, members, partners, joint ventures or subsidiaries and each and all of their past, present

and future officers, directors, stockholders, principals, employees, advisors, agents, attorneys,

financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial

bankers, representatives, affiliates, parents, subsidiaries, joint ventures, general and limited

partners and partnerships, heirs, executors, trustees, personal representatives, estates,

administrators, trusts, predecessors, successors and assigns.

(aa)    "Settlement" means the settlement contemplated by this Stipulation.

(bb)    "Settlement Administrator" means an independent third-party settlement

administrator that the Parties will engage to provide certain services in connection with this

Stipulation. The costs of the Settlement Administrator, including without limitation the provision

of notices and processing of Claim Forms pursuant to Paragraph 22 will be paid for as incurred

by the Settlement Administrator, and are deductible from the Fund.

(cc)    "Settlement Class" means the settlement class set forth in Paragraph 2

below.

(dd)    "Settlement Hearing" means the final settlement hearing held to

determine, among other things, the fairness, reasonableness, and adequacy of the Settlement.

(ee)    "SME" means Sony Music Entertainment, its unincorporated divisions

and business units, its United States subsidiaries, affiliates, and joint ventures, for which Sony

Music Entertainment renders royalty accountings, and their respective predecessors.

(ff)    "Stream" means each instance in which any portion of a Recording is

delivered by means of a digital transmission which is substantially contemporaneous with the

performance of the audio or audiovisual recording embodied therein and delivered in a format

that is designed so that such Recording cannot be digitally copied, duplicated or stored in a

renderable form in any manner or medium in whole or in part, directly or indirectly (other than

any temporary copies used solely for so-called "caching" or "buffering").  For purposes hereof, a

"Stream" shall also include conditional downloads (*i.e.*, a digital transmission that results in a

specifically identifiable, tethered reproduction of such digital file that is available for offline playback for a limited time).

(gg)    "Unknown Claims" means any and all Released Plaintiff Claims that the Plaintiff, the Settlement Class, or any of the Class Members do not know of or suspect to exist in their favor at the time of the release of the Released Parties, which, if known by them, might have affected their agreement to the Settlement. Subject to such claims being limited to the categories set forth in Paragraphs 1(x)(1) and (2) above, with respect to Unknown Claims, Plaintiff and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the benefits of Section 1542 of the California Civil Code (or any similar state law or statute), which states:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and Defendant acknowledge, and Class Members and Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff Claims was separately bargained for and a key element of the settlement of which this release is a part.

## SETTLEMENT CLASS

2.      Plaintiff shall request that the Court enter a certification order and certify for settlement purposes only the following Settlement Class: All persons and entities who are parties to a Class Contract. Subject to Paragraph 5 herein, Defendant shall not oppose such certification.

3.      Excluded from the Settlement Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to SME.

4.      Also excluded from the Settlement Class are any persons or entities who exclude themselves by submitting a valid and timely Request for Exclusion in accordance with the requirements set forth in the Notice, as defined herein.  As to each Class Contract, Requests for Exclusion shall be valid only if submitted by or on behalf of all persons and/or entities who are parties to such Class Contract.

**OBLIGATIONS OF PARTIES IN FURTHERANCE OF SETTLEMENT**

5.      As soon as practicable, Plaintiff shall move the Court for entry of the Notice Order. Defendant agrees, solely for purposes of effectuating the Settlement, not to oppose certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant does not waive and expressly reserves the right to contest class action treatment of Plaintiff's claims if the Effective Date fails to occur for any reason, including without limitation any possible termination of this Settlement. If the Effective Date fails to occur for any reason, (i) the certification of the Settlement Class shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to execution of this Stipulation, (ii) any findings or stipulations regarding certification of the Settlement Class will be automatically vacated upon notice to the Court of this Stipulation's termination or disapproval and the Action may proceed as though no final certification of the Settlement Class had occurred, (iii) Plaintiff shall not raise or rely upon any such findings, stipulations, or certification in connection with any subsequent request for class certification, and (iv) neither this Stipulation, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Stipulation, shall be admissible or used for any purpose.

6.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action with prejudice, including any and all Released Plaintiff Claims as against all Released Parties.

7. Upon the Effective Date, the Plaintiff, the Settlement Class, and each Class Member on behalf of themselves, their heirs, executors, administrators, attorneys, predecessors, successors and assigns, past, present, or future parent entities, associates, affiliates, members, partners, joint ventures, subsidiaries, third-party beneficiaries, and any persons or entities they represent, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished, and discharged the Released Parties with respect to each and every Released Plaintiff Claim and shall forever be enjoined from prosecuting any of the Released Plaintiff Claims with respect to each and every Released Party, and covenant not to sue any of the Released Parties with respect to any of the Released Plaintiff Claims. Except as expressly provided in this Stipulation, nothing shall be deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms. The release of the Released Plaintiff Claims pursuant to this Settlement is without prejudice to any other rights or audit rights not involving those claims.

8. The Parties to this Stipulation agree to the dismissal of the Action with prejudice and without costs, and providing for the releases above.

## SETTLEMENT CONSIDERATION

9. Subject to the other provisions of this Stipulation, and subject to Court approval, Defendant agrees that it will cause the settlement consideration described below to be implemented, paid, or credited, as applicable, to the royalty accounts of Authorized Claimants as specified in the provisions of Paragraph 20 hereof in exchange for the releases described in Paragraph 7.

10. Past Settlement Relief: $12,700,000.00, less attorneys' fees, expenses and enhancement awards, as approved by the Court, to be credited, as set forth in Paragraph 20(a), to

the royalty accounts of Authorized Past Claimants for Foreign Streams during the period of July 1, 2015 through June 30, 2019.

11.     Additional Royalty: As of July 1, 2019, SME shall add an "Additional Royalty" for Foreign Streams of Authorized Future Claimants, as set forth in Paragraph 20(b).

12.     Defendant acknowledges and agrees that this Stipulation will not impact upon or affect in any way whatsoever the other audit rights contained in the Class Contract of any Class Member, except that no Class Member may audit Defendant with regard to any Released Plaintiff Claim.  For the avoidance of doubt, nothing herein shall limit a Class Member's right to audit whether Defendant has accounted for and credited or paid to such Class Member (as applicable) royalties on Foreign Streams in accordance with the terms of this Stipulation.

## NOTICE TO CLASS MEMBERS

13.     Within fourteen (14) days of the execution of this Stipulation, Defendant will provide to the Settlement Administrator a file containing the following information, to the extent that it is available to Defendant, for each royaltor to whom SME paid or credited any royalties for Foreign Streams calculated on a basis other than Foreign Streams At-Source Revenue during the period from July 1, 2015 through June 30, 2019: name(s), mailing address, and email address where available.

14.     Within fourteen (14) days after the Court preliminarily approves the Settlement and enters the Notice Order, (i) the Settlement Administrator will email the Email Notice to each Foreign Streaming Royalty Recipient who is paid or credited royalties for Foreign Streams by SME that are not Foreign Streams At-Source Royalties, and for whom SME has an email address; and (ii) for Foreign Streaming Royalty Recipients who are paid or credited royalties for Foreign Streams by SME that are not Foreign Streams At-Source Royalties, and for whom SME does not have a valid email address, the Settlement Administrator will mail the Notice and Claim

Form to the Foreign Streaming Royalty Recipient's mailing address. The Settlement
Administrator shall undertake reasonable efforts to locate an updated mailing address and resend
the notice to any person or entity whose initial mail or email notice is returned as undeliverable.

15.     Potential Class Members may submit a Claim Form to the Settlement
Administrator, substantially in the form attached hereto as **Exhibit A-2**, within sixty (60) days of
the Settlement Administrator's mailing and/or emailing of the notice in accordance with
Paragraph 14. The Settlement Administrator shall maintain a web site in connection with the
Settlement, which will prominently display a link through which potential Class Members may
indicate whether they wish to be contacted by Class Counsel. The Settlement Administrator will
provide to Class Counsel the names and contact information of persons who indicate that they
wish to be contacted by Class Counsel. The Settlement Administrator will manage all
communications with potential Class Members except for privileged communications with Class
Counsel. Communications from potential Class Members that the Settlement Administrator
cannot resolve will be sent to the Parties.

16.     The Settlement Administrator will cause the Publication Notice, substantially in
the form attached hereto as **Exhibit A-4**, to appear, in the manner set forth and as more fully
described in the Declaration of Gina Intrepido-Bowden Regarding Class Notice, executed as of
the date of this Stipulation ("Settlement Administrator Notice Declaration"), within thirty (30)
days after the Court's preliminarily approval of the Settlement.

17.     The notice and administration costs, including without limitation the costs and
expenses associated with identifying Class Members and effecting mail notice and publication
notice to the Settlement Class, and the administration of the Settlement, including without
limitation, the actual costs of printing and mailing the Notice and the Claim Form, publication of

the Publication Notice, and any administrative expenses and fees incurred in connection with

providing notice, responding to potential Class Member inquiries, and processing the submitted

Claim Forms, shall be deducted from the Past Settlement Relief. The Settlement Administrator

will process the Claim Forms in a competent professional manner and will administer the

Settlement subject to the jurisdiction of the Court. SME shall share any proposed forms of

general, non-individualized correspondence with the potential Class Members concerning the

potential Class Members' Claim Forms with Class Counsel prior to sending such

correspondence. SME shall not send such correspondence without the input and approval of

Class Counsel, which shall not be unreasonably withheld.

### ATTORNEYS' FEES, EXPENSES, AND ENHANCEMENT AWARDS

18.     Class Counsel will apply to the Court for an award of attorneys' fees in an amount

not to exceed $4,233,333.33 and expenses in an amount not to exceed $60,000. Notwithstanding

anything contained herein to the contrary, in the event that the Court does not approve the award

of attorneys' fees and expenses requested by Class Counsel, or the Court awards attorneys' fees

and expenses in an amount less than that requested by Class Counsel, such decision shall not

affect the validity and enforceability of the Settlement, shall not be a basis to terminate or void

the Settlement, and shall not render the Settlement null, void, or unenforceable. Class Counsel

retain their right to appeal any decision by the Court regarding the Court's award of attorneys'

fees and costs. The amount awarded by the Court shall be payable by SME to Class Counsel by

delivery of check(s) or other negotiable instrument(s) or by wire transfer(s) within the later of ten

(10) business days after the Effective Date or ten (10) business days after Class Counsel,

following the Effective Date, provide SME with instructions for payment(s) and any other

documentation reasonably necessary for SME to process such payment. Any fees and expenses

14

awarded by the Court will be deducted from the amount to be paid or credited to Class Member royalty accounts under Paragraph 10 above.

19.     Plaintiff will apply to the Court for an award of $25,000 for its services as class representative in this action. The amount awarded by the Court shall be payable by SME to Class Counsel by delivery of check(s) or other negotiable instrument(s) or by wire transfer(s) within the later of ten (10) business days after the Effective Date or ten (10) business days after Class Counsel, following the Effective Date, provide SME with instructions for payment(s). Any enhancement award ordered by the Court will be deducted from the amount to be paid or credited to Class Member royalty accounts under Paragraph 10 above.

## APPLICATION OF SETTLEMENT CONSIDERATION TO AUTHORIZED CLAIMANTS

20.     The Past Settlement Relief and/or Additional Royalty, as applicable, will be paid and/or credited to Class Members according to the following Plan of Allocation:

(a)     Past Settlement Relief: Each Authorized Past Claimant will receive their pro rata share of that portion of the settlement consideration provided for Past Settlement Relief in Paragraph 10 above that remains after Class Counsel's fees and expenses, enhancement awards, and the notice and administration costs described in Paragraphs 17, 18, and 19 above, have been deducted.  Such pro rata share shall be a fraction, the numerator of which shall be the total royalty amounts credited or paid to such Authorized Past Claimant for Foreign Streams attributed to such Authorized Past Claimant's Class Contract(s) from July 1, 2015 through June 30, 2019, less (i) any such royalty amounts attributed to any period from July 1, 2015 through June 30, 2019 for which the Authorized Past Claimant has provided SME with a release and (ii) any such royalty amounts that were credited or paid as a Foreign Streams At-Source Royalty.

15

The denominator of such fraction shall be the sum of the numerators for all Authorized Past Claimants entitled to Past Settlement Relief under this Paragraph 20(a).

(b)     <u>Additional Royalty</u>: Commencing retroactive to July 1, 2019, for Recordings under Class Contracts of Authorized Future Claimants (other than Recordings for which SME paid or credited royalties for Foreign Streams as of June 30, 2019 as a Foreign Streams At-Source Royalty) ("Subject Recordings"), SME shall apply an additional royalty equal to 36% of the Effective At-Source Rate (defined below) with respect to Foreign Streams of such Subject Recordings (the "Additional Royalty"); provided, however, that the Additional Royalty shall not apply to any of the following:  (i) any period for which such Authorized Future Claimant has provided SME with a release with respect to royalty accountings for such Subject Recordings, (ii) territories for which royalties on Foreign Streams were paid or credited as a Foreign Streams At-Source Royalty for the royalty period ended June 30, 2019, and (iii) any Subject Recording that was subject to an express contractual provision for a Foreign At-Source Royalty that was in effect on or after July 1, 2019 (from the effective date of such contractual provision).  Commencing with the application of the Additional Royalty for each Authorized Future Claimant (the "Implementation Date"), SME shall report royalties on Foreign Streams attributed to Subject Recordings as a percentage of At-Source Revenue (defined below) that is equal to the sum of the Effective At-Source Rate and the Additional Royalty (the "New Effective Rate").  For the avoidance of doubt, the New Effective Rate is inclusive of the Additional Royalty provided for in the first sentence of this Paragraph 20(b) and shall be the total royalty to be credited to each Authorized Future Claimant with respect to Foreign Streams attributed to Subject Recordings on and after the Implementation Date.  The "Effective At-Source Rate" for any Recording under a Class Contract shall be a percentage equivalent to (i) the royalty amount

16

credited to such Class Member for Foreign Streams attributed to each such Subject Recording for

the royalty period ended June 30, 2019 (for the avoidance of doubt, the additional amounts of

Past Settlement Relief set forth in Paragraph 20(a) are excluded from this calculation), divided

by (ii) the At-Source Revenue attributed to each such Subject Recording for the royalty period

ended June 30, 2019.  Commencing no later than the application of the Additional Royalty for

Authorized Future Claimants as set forth in Paragraph 20(e), for Class Members who are not

Authorized Future Claimants, SME shall report royalties on Foreign Streams attributed to such

Class Members' Subject Recordings as the Effective At-Source Rate.  In the event that a Class

Member has, before July 1, 2019, requested in writing that SME pay a portion of the royalties

attributed to a Subject Recording under a Class Contract to a third party (a "Letter of Direction"),

then, unless an Authorized Future Claimant, by the deadline for submitting Claim Forms, directs

SME in writing otherwise, SME will proceed as if a portion of the Additional Royalty attributed

to such Subject Recording ("the Letter of Direction Deduction") shall be deducted from the

amount paid or credited to the Class Member's royalty account, and will be paid or credited

pursuant to such Letter of Direction (provided that SME proceeding in this manner shall not

make any such third party a third party beneficiary to this Stipulation nor provide any such third

party with any direct right of action against, or contractual privity with, SME with respect to the

Additional Royalty or otherwise). The Letter of Direction Deduction shall be a fraction of the

Additional Royalty equivalent to the fraction in which (x) the numerator is the amount paid or

credited under such Letter of Direction for Foreign Streams attributed to each such Subject

Recording for the royalty period ended June 30, 2019 and (y) the denominator is the total amount

of royalties for Foreign Streams attributed to each such Subject Recording for the royalty period

ended June 30, 2019.  For the avoidance of doubt, if, before July 1, 2019, the royalty payable to

an Authorized Future Claimant with respect to Foreign Streams of a Subject Recording

("Subsidiary Claimant") is deductible from the royalty payable to a Class Member with respect

to the same Foreign Streams of a Subject Recording ("Primary Claimant") (*e.g.*, a guest artist

royalty deductible from the royalty payable to an SME artist), then any Additional Royalty

payable to the Subsidiary Claimant with respect to Foreign Streams of the Subject Recording

concerned will continue to be deductible from the royalties payable to the Primary Claimant with

respect to the Foreign Streams of the Subject Recording concerned.

      (c)    Solely for purposes of calculating and crediting or paying royalties under

any New Effective Rate pursuant to Paragraph 20(b), the following shall apply:

      i.  "At-Source Revenue" shall mean the amount equal to the gross sums

received directly from the digital service provider by SME or its principal licensee in the

territory concerned, for and directly and specifically attributed, identified and allocated for

Foreign Streams of the Recording concerned, less any costs or expenses charged to SME's

principal licensee in the territory concerned by the applicable digital service provider and less

any applicable taxes.

      ii.  SME will have the right to deduct from any amounts payable to any

Authorized Future Claimant hereunder that portion thereof as may be required to be deducted

under any statute, regulation, treaty or other law, or under any union or guild agreement

(excluding so-called AFM "per-record royalties").

      iii.  If any licensee or distributor deducts any taxes or similar sums from its

payments to SME; if SME is required by law, regulation, ordinance, order, or decree to pay any

taxes or similar sums with respect to exploitations by its licensees or distributors; or if any law,

ruling, or other governmental restriction limits the amount a licensee or distributor can remit to

SME, SME may deduct a proportionate amount of those taxes from the royalties it pays or credits to any Authorized Future Claimant, or SME may reduce the Authorized Future Claimants' royalties hereunder by an amount proportionate to the reduction in SME's licensee's or distributor's remittance to SME.

        iv.   No royalties will be payable to Authorized Future Claimants on Foreign Streams by SME or any of its licensees until payment on those Foreign Streams has been received by SME in the United States.  A Foreign Stream will be deemed to have occurred in the accounting period during which SME has received in the United States an accounting statement and payment for such Foreign Stream.

        (d)    The Past Settlement Relief shall be paid or credited, as applicable, to each Authorized Past Claimant by SME with the next contractually-required royalty account statement issued to such Authorized Past Claimant that is rendered at least sixty (60) days after: (i) all timely Claim Forms have been processed, and all claimants whose Claim Forms have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to object to such rejections or disallowance; (ii) all objections with respect to all rejected or disallowed claims for Past Settlement Relief have been resolved to the satisfaction of the applicable Claimant or by the Court, and all appeals therefrom have been resolved or the time therefor has expired (or a reserve has been established, at SME's sole discretion, for such claims in dispute); (iii) the Class Distribution Order (as defined in Paragraph 22(m) below), has been entered; (iv) the Effective Date has occurred; and (v) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired.

(e)     The Additional Royalty shall be applied to each Authorized Future Claimant with the next contractually-required royalty account statement issued to such Authorized Future Claimant that is rendered at least sixty (60) days after the later of (i) each of the events set forth in Paragraphs 20(d)(i)-(v) has occurred, or (ii) one (1) year following SME's deadline for processing Claim Forms in accordance with Paragraph 22(f).

(f)     Notwithstanding anything to the contrary in Paragraph 20(e) above, Authorized Future Claimants who submit valid and timely Claim Forms shall be entitled to "Accelerated Implementation" of the Additional Royalty, such that the Additional Royalty shall be applied to each such Authorized Future Claimants by SME at the same time as, and with the same royalty account statement in which, the Past Settlement Relief is distributed in accordance with Paragraph 20(d).

(g)     The first application and payment or crediting, as applicable, of Additional Royalties to an Authorized Future Claimant shall include any Additional Royalty owed to such Authorized Future Claimant in connection with any royalty periods commencing on or after July 1, 2019 for which royalty accountings already have been rendered as of the time that the Additional Royalties are applied and paid or credited, as applicable, under the provisions of this Paragraph 20.

## ADMINISTRATION OF THE SETTLEMENT

21.     Any Class Member who is not determined to be an Authorized Claimant will not be entitled to receive any Past Settlement Relief or Additional Royalty hereunder but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Plaintiff Claims.

22.     The Settlement Administrator and SME shall process the Claim Forms and determine the extent, if any, to which a Class Member is an Authorized Claimant, according to the following conditions:

(a)     Each Class Member who is seeking to obtain Past Settlement Relief and/or Accelerated Implementation of the Additional Royalty shall be required to submit a completed Claim Form to the Settlement Administrator. As to each Class Contract, Claim Forms shall be valid only if submitted by or on behalf of all Class Members who are parties to such Class Contract.

(b)     All Claim Forms must be submitted by the applicable date specified in Paragraph 15 above. Unless, by order of the Court or agreement by the Parties, a later-submitted Claim Form by such Class Member is approved, any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any Past Settlement Relief pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Plaintiff Claims. A Claim Form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Settlement Administrator.

(c)     The Settlement Administrator shall process the Claim Forms, and the Parties will cooperate with the Settlement Administrator to reasonably assist the Settlement Administrator in processing Claim Forms in a competent, professional manner. The Settlement

21

Administrator shall determine the extent to which a Claimant is potentially an Authorized

Claimant according to the following conditions:

1.    the Claimant is identified by Defendant as a person or entity to whom SME paid

      or credited royalties for Foreign Streams calculated on a basis other than Foreign

      Streams At-Source Revenue during the period from September 25, 2012, through

      June 30, 2019, or any portion thereof;

2.    the Claim Form is submitted timely under the deadline established in the Notice

      Order;

3.    the Claim Form is complete (*i.e.*, all applicable fields and requested information

      on the Claim Form are completed);

4.    the Claim Form is signed by the Claimant or a person or entity purporting to have

      authority to sign on behalf of the Claimant;

5.    the Claim Form indicates that the Claimant is a party to a direct contract with

      SME;

6.    the Claimant has not submitted a valid Request for Exclusion.

      (d)    For all Claimants who submit a timely Claim Form, if the Settlement

Administrator determines that the Claim Form is not complete or has not been signed by the

Claimant or a person or entity purporting to have authority to sign on behalf of the Claimant,

then the Settlement Administrator shall notify the Claimant in writing of any such deficiencies

by letter or email, depending on which method the Claimant used to submit the Claim Form;

provided, however, that if a Claimant has submitted both a timely and valid Request for

Exclusion and a timely Claim Form or objection, the Settlement Administrator shall notify the

Claimant in writing and request that the Claimant specify whether the Claimant intends to opt-

out or instead participate in the Settlement and, if applicable, cure any deficiencies in the Claim

Form. Any Claimant who fails to cure each and every deficiency identified by the Settlement

Administrator, or respond to a request for clarification by stating that the Claimant either intends

to opt-out or participate in the Settlement, within the later of (i) the deadline for submitting

Claim Forms or (ii) thirty (30) days from when the Settlement Administrator sends a deficiency

notice, shall not be an Authorized Past Claimant and, if the Claimant submitted a timely Request

for Exclusion, shall be deemed to have opted-out of the Settlement Class. If, on the other hand, a

Claimant timely cures each and every deficiency, and/or timely responds to a request for

clarification by indicating an intent to participate in the Settlement, then the Claimant shall be

treated as potentially an Authorized Claimant.

       (e)     The Settlement Administrator shall deny all Claim Forms that do not

satisfy all of the requirements of Paragraph 20(c), and have not been timely cured under

Paragraph 22(d). The Settlement Administrator shall provide or make readily available to

Defendant all Claim Forms submitted by Administrator-Passed Claimants within seven (7) days

of having processed such Claim Forms, and in all events, shall complete the processing of all

Claim Forms no later than seven (7) days after the later of the expiration of the deadline for

submitting Claim Forms or receipt of the last timely response to a deficiency notice.

       (f)     Each week, upon processing any Claim Forms received, including any

timely responses to deficiency notices, the Settlement Administrator shall provide or make

readily available to the Defendant a complete set of Claim Forms processed in the prior seven (7)

days submitted by Administrator-Passed Claimants, including any and all supporting exhibits,

correspondence, and a computerized list with information about each Administrator-Passed

Claimant in a format acceptable to Defendant. With the assistance of the Settlement

23

Administrator, Defendant shall have forty-five (45) days from receipt or provision of such documents and information to determine whether the Administrator-Passed Claimant is ineligible to participate in this Settlement due to the submission of a valid Request for Exclusion by another Class Member who is party to the same Class Contract as the Administrator-Passed Claimant, and one hundred twenty (120) days to determine the following:

1.      whether the Administrator-Passed Claimant is an Authorized Claimant;

2.      whether, as to any Class Contract, a Claim Form or Claim Forms have been submitted by or on behalf of all Class Members who are parties to such Class Contract;

3.      whether the Claim Form was signed by the Administrator-Passed Claimant or a person or entity authorized to sign on behalf of the Claimant.

(g)      Any Class Member who elects not to submit a Claim Form, who submits an untimely or invalid Claim Form, or who fails to timely cure a deficiency in a Claim Form shall be forever barred from receiving any Past Settlement Relief, but shall in all other respects be bound by all of the terms of this Stipulation, including the releases and covenants provided for herein.

(h)      Notwithstanding the foregoing, a determination by SME that an Administrator-Passed Claimant is not an Authorized Past Claimant is subject to review as described in Paragraph 22(k) below. Before SME makes a final determination to reject any Claim Form, SME shall notify Class Counsel of any Claim Form that is proposed to be rejected, and Class Counsel shall receive from SME a copy of any Claim Form that is proposed to be rejected and any correspondence related thereto. Class Counsel shall be entitled to advise SME of its position(s) with regard to the proposed rejection of such Claim Form(s).

(i)     SME shall notify, in a timely fashion and in writing, each Administrator-Passed Claimant whose Claim Form it proposes to reject in whole or in part, with a copy to Class Counsel, setting forth the reasons therefor, and shall expressly state in such notice that the Administrator-Passed Claimant whom SME has determined is not an Authorized Past Claimant has the right to a review by the Court if the claimant so desires and complies with the requirements of Paragraph 22(k) below.

(j)     If an Administrator-Passed Claimant is ineligible to participate in this Settlement due to the submission of a timely and valid Request for Exclusion by another Class Member who is a party to the same Class Contract as the Administrator-Passed Claimant, SME shall notify both the Claimant and the party that submitted such Request for Exclusion in writing, and request that they jointly specify whether they intend to opt out or instead participate in the Settlement. Any such parties who fail to respond to such a request for clarification by jointly stating that they either intend to opt-out or participate in the Settlement, within the later of (i) the deadline for submitting Claim Forms or (ii) thirty (30) days from when SME sends them such notice and request, shall not be Authorized Claimants and shall be deemed to have opted-out of the Settlement Class.  If, on the other hand, such parties timely respond to such notice and request by jointly indicating an intent to participate in the Settlement, then they shall be treated as potentially an Authorized Claimant.  Class Counsel shall be responsible for submitting to the Court, no later than twenty (20) days before the Settlement Hearing, a final list of persons or entities that have timely submitted a Request for Exclusion.

(k)     If any Administrator-Passed Claimant that SME has determined is not an Authorized Past Claimant desires to contest such determination, the Administrator-Passed Claimant must, within twenty (20) days after the date of mailing of the notice required in

Paragraph 22(i) above, serve upon SME a notice and statement of reasons indicating the

Claimant's grounds for contesting the determination along with any supporting documentation,

and requesting a review thereof. SME shall perform the requested review and will inform the

Administrator-Passed Claimant whether it has determined that the Administrator-Passed

Claimant is or is not an Authorized Past Claimant. If the grounds stated by the Claimant indicate,

and the requested review confirms, that the Administrator-Passed Claimant is a party to a Class

Contract, SME shall treat such contract as a Class Contract. If a dispute concerning a

determination that a Claimant is not an Authorized Past Claimant cannot otherwise be resolved,

the Administrator-Passed Claimant may thereafter file an objection to the proposed Class

Distribution Order on notice to SME and Class Counsel. Claimants who are Class Members and

are involved in such a dispute which is not resolved in their favor shall be forever barred from

receiving any Past Settlement Relief pursuant to this Stipulation, but shall in all respects be

subject to and bound by this Stipulation, including the releases provided for in this Stipulation,

the Claim Form, and the Judgment; (ii) be conclusively deemed to have fully, finally and forever

released, relinquished, and discharged all Released Plaintiff Claims; (iii) be conclusively deemed

to have, and by operation of the Judgment shall have, fully, finally, and forever released,

relinquished, and discharged the Released Parties and Class Counsel from all claims, including

without limitation, Released Plaintiff Claims or claims arising out of or in connection with the

institution, prosecution, or assertion of the Action or the Released Plaintiff Claims; (iv) be

conclusively deemed to have covenanted not to sue any Released Party and Class Counsel in any

action or proceeding of any nature with respect to the Released Plaintiff Claims; and (v) forever

be enjoined and barred from asserting the Released Plaintiff Claims against any Released Party

and Class Counsel in any action or proceeding of any nature, whether or not such claimants have

filed an objection to the Settlement, Class Distribution Order, or any application by Class Counsel for an award of attorneys' fees, expenses and costs, whether or not the claims of such Claimants have been approved or allowed, or such objection has been overruled by the Court. Claimants who are rejected because they do meet the definition of a Class Member and are involved in such a dispute which is not resolved in their favor shall be forever barred from receiving any Past Settlement Relief or Additional Royalty pursuant to this Stipulation set forth herein, but are in no other respects subject to or bound by this Stipulation because they are not Class Members and therefore are not subject to or bound by this Stipulation.

(l)     Within one hundred eighty (180) days after the deadline to submit Claim Forms, SME shall provide to Class Counsel a proposed accounting detailing the total amount(s) of the Past Settlement Relief that will be paid or credited to each Authorized Past Claimant. Class Counsel shall be permitted to audit SME's calculation of the pro rata share of the Past Settlement Relief allocated to each Authorized Past Claimant based on the criteria set forth in Paragraph 20(a) above; provided, however, that Class Counsel shall not be entitled to audit or challenge the amount(s) of the underlying royalties paid or credited by SME to any such Authorized Past Claimant, nor SME's determination as to what portion of the Past Settlement Relief, if any, will be credited rather than paid to any Authorized Past Claimant. SME shall also provide the identities of Administrator-Passed Claimants it determined were not Authorized Past Claimants, as well as the reasons for each such determination. The Settlement Administrator shall retain the originals of all Claim Forms (including any envelopes with the postmarks) received from Claimants until entry of both the Class Distribution Order and Judgment by the Court, and shall make copies or originals available to Class Counsel within ten (10) business days upon request.

(m)     No sooner than sixty (60) days after SME provides Class Counsel with the information referred to in Paragraph 22(l) above, unless Class Counsel consents to an earlier date after reviewing the information provided, SME will apply to the Court, on notice to Class Counsel, for an order (the "Class Distribution Order") approving SME's administrative determination of the Authorized Past Claimants and Authorized Future Claimants who qualify for Accelerated Implementation of the Additional Royalty hereunder. SME shall not be liable for any costs incurred by any other party in connection with the Class Distribution Order or any other challenge to SME's administrative determinations hereunder, and no penalty shall be assessed against SME in the event that the Court modifies any administrative determination made by SME, whether for Past Settlement Relief or the Additional Royalty.

23.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery ordered by the Court. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Forms.

24.     All proceedings with respect to the administration, processing and determination of claims described by Paragraph 22 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

## TERMS OF ORDER FOR NOTICE AND HEARING

25.     Concurrently with their filing of this Stipulation, Class Counsel shall apply to the Court for preliminary Court approval of the Settlement and entry of the Notice Order, substantially in the form attached hereto as **Exhibit A**.

## TERMS OF ORDER AND FINAL JUDGMENT

26.     If the Court approves the Settlement contemplated by this Stipulation, counsel for the Parties shall request that the Court enter the Judgment, substantially in the form attached hereto as **Exhibit B**.

## OPT-OUT TERMINATION RIGHT

27.     Defendant may terminate the Settlement if, after receiving all of the Requests for Exclusion, it determines that either the number of, or the total wholesale value of revenue attributed to Foreign Streams represented by, Opt-Outs equals or exceeds a number set forth in a separate "Supplemental Agreement" signed by the Parties (the "Opt-Out Threshold"). Requests for Exclusion from persons or entities who would not otherwise meet the Settlement Class definition do not count toward the Opt-Out Threshold. The Parties intend that the Supplemental Agreement shall be specifically disclosed to the Court and offered for in camera inspection by the Court at or prior to entry of the Notice Order, but, subject to the Court's approval, it shall not be filed with the Court before the deadline for submitting Requests for Exclusion unless the Parties are ordered otherwise by the Court. The Parties shall keep the Opt-Out Threshold confidential before the deadline for submitting Requests for Exclusion. In the event that the Court directs that the Supplemental Agreement be filed prior to the deadline for submitting Requests for Exclusion, no party shall have any right to any relief by reason of such disclosure. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER, AND TERMINATION

28.     The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)    entry of the Notice Order in all material respects in the form appended hereto as **Exhibit A**;

(b)    approval by the Court of the Settlement, following notice to the Settlement Class; and

(c)    entry by the Court of the Judgment, in all material respects in the form appended hereto as **Exhibit B**, and the expiration of any time for appeal or review of the Judgment, or, if any appeal is filed and not dismissed, after the Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Parties hereto elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal.

29.    In addition to Defendant's rights under Paragraph 27, Defendant or Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for the other party hereto within thirty (30) days of:

(a)    the Court's declining to enter the Notice Order or modifying the Notice Order in any material respect not sought or consented to by both Defendant and Class Counsel;

(b)    the Court's declining to approve the Settlement embodied in this Stipulation, or any material part of it;

(c)    the Court's declining to enter the Judgment or modification of the Judgment in any material respect;

(d)    the date upon which the Judgment is modified, reversed, or vacated in any material respect by the Court of Appeals or the Supreme Court;

(e)    the date upon which the Court enters an Alternative Judgment;

(f)    the date upon which an Alternative Judgment is modified, reversed, or vacated in any material respect by the Court of Appeals or the Supreme Court;

(g)    disclosure by the other party of the Opt-Out Threshold at any time prior to the deadline for submitting Requests for Exclusion, in violation of the requirements set forth in Paragraph 27.

30.    Except as otherwise provided herein, in the event the Settlement is terminated or the Effective Date fails to occur, then the Settlement shall be without prejudice and none of its terms shall be effective or enforceable; the Parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of March 1, 2020; except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered; and any attorneys' fees and reimbursement of expenses paid by SME to Class Counsel shall be returned to SME. In the event the Settlement is terminated or modified in any material respect, Defendant shall be deemed to have retained all rights to object to the maintenance of the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and shall further be deemed not to have waived, modified, or be estopped from asserting any additional defenses available to it.

## NO ADMISSION OF WRONGDOING

31.    SME denies any liability or wrongdoing of any kind associated with the claims alleged and contends that this Action is not appropriate for class or collective action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or any other federal or state rule, statute, law, or provision. SME continues to assert that the Action fails to meet the prerequisites

necessary for class or collective action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the Action unmanageable consistent with due process. SME further denies that the Action states a cause of action; that the practice as to which Plaintiff seeks relief violates any law or is wrongful in any way whatsoever; that SME has breached any contract with Plaintiff or any member of the Class; and that either Plaintiff or any member of the Class is entitled to any relief whatsoever. SME further agrees that notwithstanding its good faith belief that it is not liable for any of the claims asserted, and despite its good faith belief that certification is not appropriate, SME will not oppose the District Court's certification of the Settlement Class contemplated by this Stipulation solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, SME does not waive its objections to certification of the Settlement Class, or any other class, in this Action as a litigation class.

32. Neither this Stipulation, including all exhibits, orders or other documents referred to herein, nor any terms or provisions of the Stipulation or any of the negotiations or proceedings related to this Stipulation, whether or not consummated, shall be:

(a) offered or received against Defendant or any other Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant or any Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant or any Released Party;

       (b)     offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or any Released Party, or against Plaintiff and the Settlement Class as evidence of any infirmity in their claims;

       (c)     offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendant or any Released Party may refer to it to effectuate the liability protection granted hereunder;

       (d)     construed against Defendant or any Released Party or Plaintiff and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

       (e)     construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendant has any merit, or that damages recoverable under the complaints filed in the Action would not have exceeded the Past Settlement Relief and the Additional Royalty.

## MISCELLANEOUS PROVISIONS

33.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

34.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or that could be or could have been asserted by the Plaintiff,

the Settlement Class, and/or any of the Class Members against the Released Parties with respect

to the Released Plaintiff Claims. Accordingly, Defendant agrees not to assert that the litigation

was brought in bad faith or without a reasonable basis. The Parties hereto shall assert no claims

of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution,

defense, or settlement of the Action. The Parties agree that the amount paid and the other terms

of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a

settlement that was reached voluntarily by the Parties after consultation with their respective

experienced legal counsel.

35.     This Stipulation may not be modified or amended, nor may any of its provisions

be waived except by a writing signed by all Parties hereto or their successors-in-interest.

36.     The headings herein are used for the purpose of convenience only and are not

meant to have legal effect.

37.     The administration and consummation of the Settlement as embodied in this

Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

purpose of entering orders providing for award of attorneys' fees and expenses to Class Counsel,

authorizing payments or credits to Authorized Past Claimants, and enforcing the terms of this

Stipulation.

38.     If the Settlement is approved by the Court, after the Settlement Hearing on notice,

Plaintiff shall move the Court for entry of the Judgment.

39.     All counsel and any other person executing this Stipulation and any of the

exhibits hereto, or any related settlement documents, warrant and represent that they have the full

authority to do so and that they have the authority to take appropriate action required or

permitted to be taken pursuant to the Stipulation to effectuate its terms.

40.     No press release or press communication concerning the Settlement shall be initiated by any Party or counsel, and neither Plaintiff, SME, nor any counsel thereof, will contact the media or otherwise seek to publicize the case or the terms of the Settlement beyond what is required to effectuate the Settlement, *e.g.*, giving notice to Class Members.  The Parties and their counsel may respond as appropriate to any Class Member inquiries and any media inquiries that they receive regarding the terms set forth in this Stipulation.  In responding to any media inquiries, neither Party shall disparage the other Party in any such communications or public statements.  Nothing in this paragraph, or elsewhere in this Stipulation, shall prevent Class Counsel from: discharging their duties to Class Members; discussing the Settlement with the Class Representative, Class Members, or the Court; disclosing public information about the case on a resume, curriculum vitae, firm website, in other similar promotional materials, or in future legal filings; or responding to government inquiries.

41.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

42.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the state of New York without regard to conflicts of laws, except to the extent that preemption by federal law requires that federal law govern.

43.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized by the Parties that this Stipulation is the result of arm's length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

44.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

45.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

46.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

47.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by Class Counsel or Defendant's Counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member. Notwithstanding the foregoing, Defendant may report its payments pursuant to this Settlement in accordance with its ordinary practices with respect to payments and/or credits made to parties to whom it has royalty obligations.

*[Remainder of this page intentionally left blank]*

48.     The Parties hereto: (a) acknowledge that it is their intent to consummate this

Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all

terms and conditions of this Stipulation and to exercise their best efforts and to act in good faith

to accomplish the foregoing terms and conditions of the Stipulation.


Dated:    September 4, 2020                **SONY MUSIC ENTERTAINMENT**


By: _____

Name:        Julie Swidler

Title:     Executive Vice President,
           Business Affairs & General Counsel


Dated:                                      **THE RICK NELSON COMPANY, LLC**


By: _____

Name:_____

Title:_____

48.     The Parties hereto: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.


Dated:                                        **SONY MUSIC ENTERTAINMENT**


By: _____

Name:        Julie Swidler

Title:     Executive Vice President,
           Business Affairs & General Counsel


Dated: September 4, 2020               **THE RICK NELSON COMPANY, LLC**

By: _____

Name: _____
              Matthew Nelson

Title: _____
           Managing/Approving Member

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **THE RICK NELSON COMPANY, LLC, a Delaware limited liability company, on behalf of itself and all others similarly situated,**<br><br>        **Plaintiff,**<br><br>   v.<br><br>**SONY MUSIC ENTERTAINMENT, a Delaware corporation,**<br><br>        **Defendant.** | **Case No. 18-cv-08791 (LLS)** |

**PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on September 4, 2020, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation," a copy of which is attached hereto as Exhibit 1) which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint with prejudice and without costs; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2020 that:

1.  The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, as being a fair, reasonable and adequate settlement as to all Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of

informed, extensive, arm's length negotiation by counsel.  The Court directs the Parties to proceed with the Settlement pursuant to the terms and conditions of the Stipulation and exhibits thereto, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby conditionally certified as a class action on behalf of all persons and entities who are parties to a contract: (i) to which SME, or any entity of which SME is a member or partner and on behalf of which SME pays or credits royalties, is a party; (ii) that provides for exploitation of Recordings, the copyrights in which SME owns and/or controls; and (iii) in connection with which SME paid or credited any royalties for Foreign Streams calculated on a basis other than Foreign Streams At-Source Revenue during the period from September 25, 2012, through June 30, 2019, or any portion thereof.  Excluded from the Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to SME.

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representative are typical of the claims of the Class it seeks to represent; (d) the Plaintiff and Plaintiff's Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff Rick Nelson Company, LLC is certified as Class Representative, represented by Class Counsel at the law firms of Johnson & Johnson LLP, Pearson, Simon & Warshaw, LLP, and Kiesel Law LLP.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2021, at ___:_____ __.m. for the following purposes:

(a)      to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)      to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, with prejudice and without costs;

(d)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)      to consider Class Counsel's application for an award of attorneys' fees and expenses and an enhancement award for Plaintiff; and

(f)      to rule upon such other matters as the Court may deem appropriate.

6.     If the Court approves the Settlement, then following the Settlement Hearing, it will enter the Order and Final Judgment.

7.     Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Stipulation, shall be considered as a factor in connection with any class certification issue(s) if the Stipulation terminates or the Settlement is not finally approved.

8.     The Settlement Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing.  The Court may consider (with the consent of both Plaintiff and Defendant) modifications of the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses and an enhancement award for Plaintiff without further notice to the Class.

9.     The Court reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint with prejudice and without costs regardless of whether it has awarded attorneys' fees and expenses or an enhancement award to Plaintiff.

10.    The Court approves the form, substance and requirements of the Notice, the Claim Form, and Email Notice, annexed to the Stipulation as Exhibits A-1, A-2, and A-3 respectively.

11.    The parties have designated JND Legal Administration ("JND") as the Settlement Administrator.  Having found it qualified, the Court appoints JND as the Settlement

Administrator and it shall perform all the duties of the Settlement Administrator as set forth in the Stipulation.

12.     Within fourteen (14) days after the Court preliminarily approves the Settlement and enters this Order, (i) the Settlement Administrator will email the Email Notice to each Foreign Streaming Royalty Recipient who is paid or credited royalties for Foreign Streams by SME that are not Foreign Streams At-Source Royalties (for purposes of this paragraph, "Potential Class Member") and for whom SME has an email address; and (ii) for Potential Class Members for whom SME does not have a valid email address, the Settlement Administrator will mail the Notice and Claim Form to the Potential Class Member's mailing address. The Settlement Administrator shall undertake reasonable efforts to locate an updated mailing address and resend the notice to any Potential Class Member whose initial mail or email notice is returned as undeliverable.

13.     The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed to the Stipulation as Exhibit A-4 and directs that the Settlement Administrator shall cause the Publication Notice to appear, as more fully described in the Settlement Administrator Notice Declaration, within thirty (30) days after the entry of this Order.

14.     Class Counsel shall, at least twenty (20) days before the Settlement Hearing, file with the Court proof of emailing of the Email Notice, proof of mailing of the Notice and Claim Form, and proof of publication of the Publication Notice.

15.     This civil action was commenced after February 18, 2005.  The Court directs the Settlement Administrator to notify the appropriate Federal and State officials under the Class

Action Fairness Act of 2005, 28 U.S.C. § 1715, on behalf of Defendant.  The Settlement

Administrator shall, at or before the Settlement Hearing, file with the Court proof of compliance

with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

16.     The form and content of the Notice, Publication Notice and Email Notice, and the

method set forth herein of notifying the Class of the Settlement and its terms and conditions,

meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any

other applicable law, constitute the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to all persons and entities entitled thereto.

17.     Class Members shall be bound by all determinations and judgments in this

Action, whether favorable or unfavorable, unless such persons submit a Request for Exclusion

from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing

to make such request shall mail the request in written form by mail postmarked no later than

_____, ____ (*i.e.*, seventy-four (74) days from the entry of this Order), to the

Settlement Administrator, at the Post Office Box indicated in the Notice.  Such Request for

Exclusion shall clearly indicate the name, address, email address, and telephone number of the

artist (individual or band), producer or company seeking exclusion, a statement that the sender is

otherwise a Class Member but requests to be excluded from the class settlement in the "SME

Foreign Streaming Settlement," and must be signed by such person or entity.  The Request for

Exclusion shall not be effective unless it provides the required information and is made within

the time stated above, or the exclusion is otherwise accepted by the Court.  As to each Class

Contract, Requests for Exclusion shall be valid only if submitted by, or on behalf of, all persons

and/or entities who are parties to such Class Contract.

18.     Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation, and their application for attorneys' fees and expenses and an enhancement award for Plaintiff, at least 7 days before the objection deadline, but no later than _____, 2020.

19.     Any Class Member may be heard and/or appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why the Order and Final Judgment should not be entered thereon; why the proposed Plan of Allocation should not be approved as fair, reasonable and adequate; or why Class Counsel should not be awarded attorneys' fees and expenses in the amount sought by Class Counsel or the Plaintiff should not be awarded an enhancement award in the amount sought; provided, however, that no Class Member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered, the proposed Plan of Allocation or Class Counsel's application for an award of attorneys' fees and expenses and an enhancement award for Plaintiff, unless on or before _____, _____, the Class Member has served by mail postmarked no later than _____, _____ (i.e., seventy-four (74) days from the entry of this Order), to the Settlement Administrator, at the Post Office Box indicated in the Notice, written objections and any supporting documentation, consistent with the requirements in the Notice.  The Class Member also must serve by that date any such objections and supporting documentation upon (a) Jonathan M. Sperling, Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018-1405, on behalf of the Defendant, and (b) Jeffrey A. Koncius, Kiesel Law LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910, on behalf of the Plaintiff and the Class, and file the objections, papers and briefs showing due proof of service upon all counsel identified above with

the Clerk of the Court, United States District Court for Southern District of New York, Daniel

Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312.

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in

opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for

attorneys' fees and expenses and an enhancement award for Plaintiff are required to indicate in

their written objection their intention to appear at the hearing.  Persons who serve and file

objections, and who desire to present evidence at the Settlement Hearing, must include in their

written objections the identity of any witnesses they may call to testify and exhibits they intend

to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at

the hearing or take any other action to indicate their approval.

20.     Class Counsel and Defendant shall submit their papers, if any, in response to any

objections by no later than _____, 2020.

21.     Any Class Member who does not object to the Settlement and/or the Plan of

Allocation and/or the adequacy of representation and/or Class Counsel's application for an award

of attorneys' fees and expenses and an enhancement award for Plaintiff in the manner prescribed

in the Notice shall be deemed forever to have waived such objection and shall forever be barred

from making any objection to the fairness, adequacy, or reasonableness of the proposed

Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of

Allocation, the adequacy of representation or the application by Class Counsel for an award of

attorneys' fees and expenses and an enhancement award for Plaintiff and from otherwise being

heard concerning these subjects in this or any other proceeding.

22. Pending final determination of whether the Settlement should be approved, the Plaintiff, all Class Members, and each of them, and any person or entity who acts or purports to act on their behalf, shall not institute or commence any action which asserts Released Plaintiff Claims against any Released Party. Any Class Member who seeks relief from the Order contained in the forgoing sentence must request such relief by application to the Court with at least seven days' notice to the Parties. Pending the Settlement Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

23. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by the Defendant or the other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of the Defendant or any other Released Parties. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

24. In the event the Settlement is terminated or the Effective Date fails to occur, then, (i) the Stipulation, including any amendment(s) thereof, this Order conditionally certifying the Class, the Class Representative, and Class Counsel for purposes of the Settlement, and any findings or stipulations regarding certification of the Class shall be null and void, of no further

force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity; (ii) the parties shall be deemed to have reverted to their respective status in the Action as of March 1, 2020; and (iii) except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:          New York, New York
                _____, 2020

                                        _____
                                        Honorable Louis L. Stanton
                                        UNITED STATES DISTRICT JUDGE

# Exhibit A-1

<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK</u>

**If you have received foreign streaming royalties from Sony Music Entertainment that were not calculated "at source," you could get compensation from a class action settlement.**

*A United States District Court authorized this Notice. It is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit over how Sony Music Entertainment (together with its unincorporated divisions and business units, its U.S. subsidiaries, affiliates, and joint ventures for which Sony Music Entertainment renders royalty accountings, and their respective predecessors, "SME") calculated royalties for Class Members on the foreign streaming of sound recordings subject to agreements with those Class Members. The settlement is not an admission of wrongdoing by SME.
- You may be a Class Member if you received foreign streaming royalties from SME that were not calculated at source.
- The Settlement has two components as is explained in more detail below. First, it makes available $12.7 million, to be paid or credited, pro rata, to those Class Members who submit a claim form for past royalties on foreign streaming ("Past Settlement Relief"). Second, for all Class Members going forward, it creates a 36% uplift of the royalty paid for foreign streaming as of June 30, 2019 ("Prospective Settlement Relief"). While you do not have to submit a claim form to qualify for the Prospective Settlement Relief if you are a Class Member, the additional royalty applicable to you will be credited sooner if you submit a claim (you will receive the same amount either way).
- You have to take action on or before [Date], in order to exercise certain of your legal rights and options in the Settlement, which are set forth below and in this notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **PARTICIPATE AS A CLASS MEMBER IN THE PAST SETTLEMENT RELIEF AND RECEIVE YOUR FUTURE UPLIFT EARLIER**<br><br>(BY [DATE]) | • **If you submit a claim and qualify,** you can receive your pro rata share of the Past Settlement Relief and receive your uplift for future royalties sooner. *See Questions 8 – 11 visit* <u>www._____.com</u> or call 1-___-___-___. |
| **PARTICIPATE AS A CLASS MEMBER BUT ONLY IN THE PROSPECTIVE SETTLEMENT RELIEF AND ALLOW SME ADDITIONAL TIME TO CALCULATE THIS AMOUNT (THIS IS AUTOMATIC)** | • **If you do not take any action,** you will still receive your Prospective Settlement Relief if you qualify as a Class Member, although you will ***not*** participate in the Past Settlement Relief and the deadline by which SME has to apply the new rate will be extended by one year (you will be credited with the same royalty amounts). *See Questions 8 – 11*, visit <u>www._____.com</u> or call 1-___-___-____. |
| **EXCLUDE YOURSELF (BY [DATE])** | • Excluding yourself means you <u>**get no payment or credit from your pro rata share of the Past Settlement Relief or 36% royalty uplift from this Settlement**</u>. This is the only option that allows you to keep any rights you currently have regarding the claims in this case. *See Questions 13 – 16.* |
| **OBJECT TO THIS SETTLEMENT (BY [DATE])** | • If you do not exclude yourself, you may write to the Court about why you do not like this Settlement. *See Questions 19 – 20.* |
| **GO TO THE HEARING**<br><br>(ON [DATE]) | • Ask to speak in Court about your opinion of this Settlement. *See Questions 21 – 23.* |

QUESTIONS? CALL 1-1-___-___-_____ TOLL-FREE, OR VISIT <u>www._____Settlement.com</u>.

- 1 -

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**...........................................................................................................**3**
    1.    Why did I get this Notice? ...............................................................................3
    2.    What is this lawsuit about? ...............................................................................3
    3.    Why is this lawsuit a class action? ...................................................................3
    4.    Why is there a settlement? ................................................................................3

**WHO IS IN THE SETTLEMENT** ......................................................................................**3**
    5.    What is the Class definition? ............................................................................3
    6.    How do I know if I am part of this Settlement? ................................................4
    7.    I'm still not sure if I am included. ...................................................................4

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ....................**4**
    8.    What does this Settlement provide? ..................................................................4
    9.    How will payments/credits be calculated? .......................................................5
    10.   How much will my payment or credit be? ........................................................6

**HOW YOU GET A PAYMENT — PARTICIPATING IN THE SETTLEMENT** .............**6**
    11.   How can I get a payment or credit? ..................................................................6
    12.   When will I get my payment or credit? .............................................................6
    13.   What am I giving up to get benefits and stay in the Settlement? ......................6
    14.   How do I get out of the Settlement? .................................................................7
    15.   If I do not exclude myself, can I sue the Defendants for the same thing later? ...7
    16.   If I exclude myself, can I get a payment from the Settlement? .........................7

**THE LAWYERS IN THE CASE** .........................................................................................**7**
    17.   Who are the lawyers in this case? .....................................................................7
    18.   How are Class Counsel being paid? Are the Class Representatives being paid? .......8

**OBJECTING TO THE SETTLEMENT** ..............................................................................**8**
    19.   How do I tell the Court that I do not like the Settlement? ...............................8
    20.   What's the difference between objecting and excluding yourself? ...................9

**THE COURT'S FAIRNESS HEARING** ..............................................................................**9**
    21.   When and where will the Court decide whether to approve the Settlement? ....9
    22.   Do I have to come to the Fairness Hearing? ...................................................10
    23.   May I speak at the Fairness Hearing? ..............................................................10

**GETTING MORE INFORMATION**..................................................................................**10**
    24.   How do I get more information about the Settlement? ...................................**10**

QUESTIONS? CALL 1-1-___-___-_____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 2 -

## BASIC INFORMATION

### 1.   Why did I get this Notice?

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to give final approval to this settlement. This Notice explains the lawsuit, the proposed settlement, and your legal rights. You can receive a full copy of the Stipulation and Agreement of Settlement ("Stipulation") if you would like (*see Question 24*).

Judge Louis L. Stanton, United States District Court, Southern District of New York, is overseeing this case. The case is known as *The Rick Nelson Company, LLC v. Sony Music Entertainment*, 18-cv-08791 (LLS). The person who sued is called the "Plaintiff." The "Defendant" is Sony Music Entertainment.

### 2.   What is this lawsuit about?

This lawsuit claims that SME failed to properly calculate royalties on the foreign streaming of sound recordings subject to agreements between Class Members and SME. Specifically, it is alleged that royalties were not calculated "at source" but instead were based on some other, lesser, amount.

### 3.   Why is this lawsuit a class action?

In a class action lawsuit, one or more people, called "Class Representatives" (in this case, Plaintiff The Rick Nelson Company LLC), sue on behalf of people who have similar claims. All these people together are a "Class" or "Class Members." In a settlement of a class action, one court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class (*see Question 13 – 16*).

### 4.   Why is there a settlement?

The Court has not determined who is right. Rather, both sides have agreed to settle the lawsuit to avoid the uncertainties and expenses of continuing the lawsuit. By agreeing to settle, both sides avoid the cost and risk of a trial, and the people affected will get a chance to receive benefits. The Class Representative and its attorneys think this Settlement is best for all Class Members. This Settlement does not mean that SME did anything wrong, and SME denies all allegations of wrongdoing in the lawsuit.

## WHO IS IN THE SETTLEMENT

If you received this Notice, you may be (but are not necessarily) a Class Member. You should review your contract(s) and any amendments to them so as to determine whether you are included in the Class and this Settlement.

### 5.   What is the Class definition?

Class Members are all persons and entities who are parties to a "Class Contract" (defined by the Settlement Agreement as a contract (i) to which SME, or any entity of which SME is a member or partner and on behalf of which SME pays or credits royalties, is a party; (ii) that provides for exploitation of Recordings, the copyrights in which SME owns and/or controls; and (iii) in connection with which SME paid or credited any royalties for Foreign Streams calculated on a basis other than Foreign Streams At-Source Revenue during the period from September 25, 2012, through June 30, 2019, or any portion thereof).

Excluded from the Settlement Class are:

   \*        SME and any person, trust, firm, corporation or other entity affiliated with or related to SME; and

   \*        Any persons or entities who exclude themselves by filing a valid and timely Request for Exclusion in accordance with the requirements set forth in this Notice.

QUESTIONS? CALL 1-1-___-___-____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 3 -

## 6.   How do I know if I am part of this Settlement?

If you have at least one Class Contract with SME or you are the heir, successor or assign of someone who does, you are potentially a Class Member. Whether you are entitled to both the Past Settlement Relief and the Prospective Settlement Relief, or just the Prospective Settlement Relief, depends on your circumstances. *See Questions 8 – 11.*

## 7.   I'm still not sure if I am included.

If you are still not sure whether you are included, you can get help by contacting the Settlement Administrator using any of the methods listed in Question 24.

**You are not required to pay anyone to assist you in obtaining information about this Settlement**.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

## 8.   What does this Settlement provide?

This Notice is only a summary of the proposed settlement. The complete terms of the proposed settlement are set forth in the formal Stipulation and Agreement of Settlement (the "Stipulation") which is on file with the Court and is also available to you as explained in Question 24.

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides, with the assistance of a mediator, agreed to this settlement. Settlement avoids the costs of a trial, and assures that settlement benefits go to Class Members. The Class Representative and its attorneys think the Settlement is in the best interests of the Class.

The Settlement is summarized below.

- The $12.7 million fund for foreign streams through June 30, 2019 (Past Settlement Relief)

  $12.7 million, less certain deductions as may be approved by the Court, is available for Class Members on behalf of whom a timely and valid Claim Form has been submitted ("Authorized Past Claimants"). Authorized Past Claimants will be paid or credited their pro rata share of this fund based on the calculation described in Question 9.

- Additional Royalty for Foreign Streams as of July 1, 2019 (Prospective Settlement Relief)

  For Class Members who qualify for Prospective Settlement Relief as set forth below, SME shall add an additional royalty for Subject Recordings (as that term is defined in the Stipulation) equal to 36% of the royalty currently paid or credited to the Class Member ("Additional Royalty") for foreign streaming of such Subject Recordings. This Additional Royalty is available only to Class Members who are party to a Class Contract ("Authorized Future Claimants"), provided that such Class Members shall not be Authorized Future Claimants—and thus the Additional Royalty shall not apply—with respect to any Class Contract for which another party to that Class Contract has timely submitted a valid Request for Exclusion, and with respect to any recording:

    (i) for which such Class Member was paid a Foreign Streams At-Source Royalty as of the period ended June 30, 2019, or

    (ii) that is subject to an express contractual provision for a Foreign Streams At-Source Royalty that was in effect on or after July 1, 2019.

  Authorized Future Claimants shall not be entitled to the Additional Royalty for Subject Recordings for any period for which such Authorized Future Claimant has provided SME with a release with respect to royalty accountings for such Subject Recordings, nor shall the Additional Royalty apply to territories for which royalties on Foreign Streams were paid or credited as a Foreign Streams At-Source Royalty for the royalty period ended June 30, 2019.

QUESTIONS? CALL 1-1-___-___-____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 4 -

Commencing no later than the application of the Additional Royalty for all Authorized Future Claimants, SME shall report royalties on Foreign Streams for all Class Members on a New Effective Rate basis. As detailed in the Stipulation, the New Effective Rate will be equivalent to the Effective At-Source Rate already being paid to each Class Member, plus any applicable Additional Royalty (see Question 9 below).

The Additional Royalty shall apply to the Authorized Future Claimants' "all-in rate," and thus SME (unless directed otherwise by an Authorized Future Claimant) will continue to pay third parties under so-called "Letters of Direction" based on the same proportion of an Authorized Future Claimant's "all-in" royalty on which they are currently paid. Specifically, if an Authorized Future Claimant has, before July 1, 2019, requested SME pay a portion of the royalties attributed to a Subject Recording under a Class Contract to a third party (a "Letter of Direction"), then unless the Authorized Future Claimant directs SME otherwise in writing, a portion of the Additional Royalty attributed to such Subject Recording ("the Letter of Direction Deduction") shall be deducted from the amount paid or credited to the Class Member's royalty account, and will be paid or credited pursuant to such Letter of Direction. The Letter of Direction Deduction shall be a fraction of the Additional Royalty equivalent to the fraction in which (x) the numerator is the amount paid or credited under such Letter of Direction for foreign streams attributed to each such Subject Recording for the royalty period ended June 30, 2019, and (y) the denominator is the total amount of royalties for foreign streams attributed to each such Subject Recording for the royalty period ended June 30, 2019. Similarly, the Additional Royalty payable to "guest artists," or other similar royalties payable to a Class Member that are deductible from the royalty payable to another Class Member shall continue to be deductible from the royalties payable to such other Class Member.

The Prospective Settlement Relief will be applied by SME regardless of whether a Claim Form is submitted. However, if a Class Member does not submit a timely and valid Claim Form, SME has one additional year to apply the new royalty rate (although the date from which that new royalty amount will be calculated will be the same even if a Claim Form is not returned).

In exchange for these benefits, Class Members agree to release SME from all claims they in the past had, now have, or might in the future have against the Released Parties or any of them on the basis of, connected with, or in any way arising out of royalties credited or paid under Class Contracts with respect to foreign streams up to and including June 30, 2019. Except as expressly provided in connection with the Prospective Settlement Relief, nothing in this release shall be deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms. See the Stipulation for the precise release language.

## 9. How will payments/credits be calculated?

If the Settlement is approved by the Court, then, in accordance with the settlement terms set forth in the Stipulation and summarized in Question 8, above:

> Authorized Past Claimants will receive their pro rata share of the Past Settlement Relief, which will be credited to their royalty accounts. The share will be a fraction, the numerator of which shall be the total royalty amounts credited or paid to such Authorized Past Claimant for foreign streams attributed to such Authorized Past Claimant's Class Contract(s) from July 1, 2015, through June 30, 2019, less (i) any such royalty amounts attributed to any period from July 1, 2015, through June 30, 2019, for which the Authorized Past Claimant has provided SME with a release and (ii) any such royalty amounts that were credited or paid as a Foreign Streams At-Source Royalty. The denominator of such fraction shall be the sum of the numerators for all Authorized Past Claimants entitled to Past Settlement Relief; and

> Authorized Future Claimants will have the Additional Royalty paid or credited to their royalty accounts with respect to foreign streams of Subject Recordings, commencing retroactive to July 1, 2019, other than for any period for which such Authorized Future Claimant has provided SME with a release with respect to royalty accountings for such Subject Recordings.

**PLEASE NOTE THAT if you are a Class Member and do not submit a valid Claim Form, you will not receive the Past Settlement Relief, but you nevertheless will be bound to the terms of the Settlement by the judgment of the Court, and will receive Prospective Settlement Relief.**

QUESTIONS? CALL 1-1-___-___-_____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 5 -

**10.  How much will my payment or credit be?**

The exact amount each qualifying Class Member will receive for Past Settlement Relief cannot be calculated until: (1) the Court approves the settlement; (2) amounts are deducted from the Past Settlement Relief fund for notice and administration costs, attorneys' fees and expenses, and any Class Representative participation awards; and (3) the number of persons who opt out of the Settlement is known. *See Question 9 for the general method of calculating claims payments*.

---

## HOW YOU GET A PAYMENT — PARTICIPATING IN THE SETTLEMENT

---

**11.  How can I get a payment or credit?**

To be eligible to receive a credit or payment from the Past Settlement Relief fund, you must (1) be a Class Member; and (2) submit a valid claim form. If you are a Class Member and wish to receive your pro-rata share of the Past Settlement Relief, **you must mail a completed Claim Form postmarked by [Date].** A Claim Form is enclosed with this Notice. A Claim Form is also available at the settlement website at **www.            .com**, and may be submitted electronically on that site.

To be eligible for the Prospective Settlement Relief, while you must be a Class Member, you do not need to do anything, although if you do not submit a valid Claim Form, SME has additional time within which to calculate the royalties to be credited to you under the new rate. Regardless, all Class Members will participate in the Prospective Settlement Relief commencing retroactive to July 1, 2019. This new royalty amount shall be paid or credited to the Class Member's royalty account, and subject to the terms set forth in the Stipulation.

**12.  When will I get my payment or credit?**

The Past Settlement Relief will be paid or credited, as applicable, to eligible Class Members with your next royalty account statement issued at least 60 days after the Court grants "final approval" of the Settlement and after appeals are resolved, if any.

The Court will hold a Fairness Hearing on [Date], at ____ a.m. (Eastern time) to decide whether to approve the Settlement. **If you want to attend the hearing, keep in mind that the date and/or time may be changed after this Notice is sent, so you should check the settlement website (www._____.com) before making travel plans.**

If the Court approves the Settlement (*see Questions 21 – 23*), there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient. You can check for updates and other important information by using any of the methods listed in Question 24.

**13.  What am I giving up to get benefits and stay in the Settlement?**

If this Settlement receives final approval from the Court, this Settlement will be legally binding on all Class Members, including Class Members who object, unless you exclude yourself from the Settlement. This means you will not be able to pursue the claims being released in this Settlement. This Notice is only a summary. The specific claims that you are giving up against SME are described in detail in the Stipulation. You will be "releasing" SME and all related entities (the "Released Parties") as described in the Stipulation. Again, the Stipulation is available at www._____.com or by calling 1-___-___-____.

If you, or someone acting on your behalf, are currently asserting or litigating claims against SME or the other Released Parties, you will be barred from pursuing the claims released by this Settlement unless you validly "opt out" as described below. If you are currently asserting or litigating claims against SME or the other Released Parties, speak to your lawyer in that matter immediately.

---

QUESTIONS? CALL 1-1-___-___-_____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 6 -

The Stipulation describes the released claims with specific descriptions, so read it carefully. If you have any questions, you can talk to Class Counsel listed in Question 17 or you can, of course, talk to your own lawyer if you have questions about what this means.

| **14. How do I get out of the Settlement?** |
| --- |

To exclude yourself, you must mail a letter that includes:

- Your full name, current address, telephone number, email address and signature;

- The name of the artist (individual or band), producer or company seeking exclusion (if any different from your name); and

- A statement that you are otherwise a Class Member and that you "request to be excluded from the class settlement in the SME Foreign Streaming Settlement."

As to each Class Contract, Requests for Exclusion will be valid only if submitted by, or on behalf of, all persons and/or entities who are parties to such Class Contract.

You must personally sign your written "opt-out" request and mail it **postmarked** by **[Date]**, to:

SME Foreign Streaming Settlement<br>
Attention: Exclusion Requests<br>
[ADDRESS]

| **15. If I do not exclude myself, can I sue the Defendants for the same thing later?** |
| --- |

No. Unless you exclude yourself from the Settlement, you give up any right to sue the Defendant for the claims that are resolved by the Settlement. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. **Remember, the exclusion deadline is [Date].**

| **16. If I exclude myself, can I get a payment from the Settlement?** |
| --- |

No. If you exclude yourself from the Settlement, you will not be able to get any payments and you cannot object to the settlement. You will not be legally bound by anything that happens in the Settlement.

# THE LAWYERS IN THE CASE

| **17. Who are the lawyers in this case?** |
| --- |

## Class Counsel

The Court has appointed the law firms listed below to represent you and other Class Members in the Settlement. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you want to contact Class Counsel about this settlement, they can be reached as set out below. Alternatively, you can contact the Settlement Administrator by calling 1-___-___-____ or sending an email to _____@_____.com.

QUESTIONS? CALL 1-1-___-___-____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 7 -

| Neville L. Johnson (njohnson@jjllplaw.com)<br>Douglas Johnson (djohnson@jjllplaw.com)<br>**JOHNSON & JOHNSON LLP**<br>439 North Canon Drive, Suite 200<br>Beverly Hills, CA 90210<br>(310) 975-1080 | Jeffrey A. Koncius (koncius@kiesel.law)<br>Nicole Ramirez (ramirez@kiesel.law)<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>(310) 854-4444 |
| Daniel L. Warshaw<br>(dwarshaw@pswlaw.com)<br>Bobby Pouya (bpouya@pswlaw.com)<br>**PEARSON, SIMON & WARSHAW, LLP**<br>15165 Ventura Boulevard, Suite 400<br>Sherman Oaks, CA 91403<br>(818) 788-8300 | |

**SME's Attorneys**

Defendant SME is represented by the law firm of Covington & Burling LLP. If you want to contact Defendant SME's Attorneys about this settlement, they can be reached by contacting:

Jonathan M. Sperling
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

**18. How are Class Counsel being paid? Are the Class Representatives being paid?**

Class Counsel will ask the Court for an award of attorneys' fees and expenses, and the Class Representative will ask for a participation award, all of which, if awarded, will be paid from the Past Settlement Relief:

**Attorneys' Fees and Expenses**

- Class Counsel will ask the Court to approve payment of their attorneys' fees of up to $_____, as well as for reimbursement for costs and expenses incurred in the prosecution of the lawsuit not to exceed $_____.

**Participation Award to Class Representative**

- Class Counsel will ask the Court to approve a $25,000 payment (called a "Participation Award") to Plaintiff and Class Representative The Rick Nelson Company, LLC. The Participation Award compensates Plaintiff for its service as a Class Representative. Any Participation Award ordered by the Court will be in addition to what the Class Representative is eligible to receive from its claim as a Class Member.

The Court will determine the appropriate amount of these amounts. The Settlement is *not* conditioned upon approval of any of the attorneys' fees and expenses or Class Representative participation award amounts.

## OBJECTING TO THE SETTLEMENT

**19. How do I tell the Court that I do not like the Settlement?**

If you do not exclude yourself, you may object to the Settlement. To object, you must **mail** your objection, along with any supporting papers, to the Settlement Administrator. You must also (1) **serve** copies of your objection and supporting papers upon Jeffrey A. Koncius (Kiesel Law LLP) and SME's Attorneys, at the addresses set forth in Question 17, and (2) **file** your objection and supporting papers, showing due proof of service upon such counsel, with the Clerk of the Court,

QUESTIONS? CALL 1-1-___-___-____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 8 -

United States District Court for Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312.

To be timely, your objection must be mailed to the Settlement Administrator so that it is **postmarked** by **[Date]**, at the following addresses:

SME Foreign Streaming Settlement
Attention: Objection
[ADDRESS]

**You must include the following information:**

- Your full name, current address, telephone number, email address and signature;

- The settlement to which you are objecting: "SME Foreign Streaming Settlement";

- The date(s) of the Class Contract(s) or any of its amendments and the royalty account number(s) from your royalty statement(s);

- Your objections and the specific reasons why you object;

- State whether you intend to appear at the Fairness Hearing, either in person or through counsel;

- If you are represented by separate counsel, the name, address, bar number, and telephone number of all attorneys who will represent you; and

- Indicate all other objections to class settlements submitted by the Class Member or Class Member's counsel to any Court within the United States within the last 5 years, if any, including the total number of such objections and the case and court information in which each such objection was asserted.

| **20. What's the difference between objecting and excluding yourself?** |
| --- |

Objecting is telling the Court that you do not like something about the Settlement. You can object to a settlement only if you stay in that settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no right to object, because the case no longer affects you. If you object, and the Court approves the Settlement anyway, you will still be legally bound by the result.

| **THE COURT'S FAIRNESS HEARING** |
| --- |

| **21. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a "Fairness Hearing" (also known as a "Final Approval Hearing") to decide whether to finally approve the proposed settlement. The Fairness Hearing will be on _____, 2021, at ____:00 __.m. before Judge Louis L. Stanton in Courtroom 21C of the Daniel Patrick Moynihan United States Courthouse, located at 500 Pearl Street, New York, New York 10007-1312. If you want to attend the Fairness Hearing, keep in mind that the date and/or time may be changed after this Notice is sent, so you should check the settlement website (www._____.com) before making travel plans.

At the Fairness Hearing, the Court will consider whether the proposed settlement and all of its terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the Hearing and have complied with the other requirements for objections explained in Question 19. The Court may also decide how much to award Class Counsel for fees and expenses, and whether and how much to award the Class Representatives for representing the Class (the Participation Award).

**There is no set timeline for either the Court's final approval decision, or for any appeals that may be brought from that decision, so it is impossible to know exactly when the Settlement will become final**.

The Court may change deadlines listed in this Notice without further notice to the Class. To keep up on any changes in the deadlines, please contact the Settlement Administrator or review the website.

QUESTIONS? CALL 1-1-___-___-____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 9 -

**22. Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer any questions asked by the Court.

If you send an objection, you do not have to come to Court to talk about it. So long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**23. May I speak at the Fairness Hearing?**

Yes. If you submitted a proper written objection to the settlement, you or your lawyer may, at your own expense, come to the Fairness Hearing and speak. To do so, you must follow the procedures set out in Question 19. You must also file a Notice of Intention to Appear, which must be mailed to the Settlement Administrator so that it is **postmarked no later than [Date]**, and it must be **filed** with the Clerk of the Court by that same date. If you intend to have a lawyer appear on your behalf, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than **[Date]**. *See Question 17* for the addresses of the Settlement Administrator. You cannot speak at the Fairness Hearing if you excluded yourself.

---

## GETTING MORE INFORMATION

---

**24. How do I get more information about the Settlement?**

This Notice summarizes the proposed settlement. For the precise terms and conditions of the Settlement, please see the Stipulation, available at www._____.com.

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
|---|---|
| **CALLING** | • Call the Settlement Administrator toll-free at 1-___-___-____ to ask questions and receive copies of documents. |
| **E-MAILING** | • Email the Settlement Administrator at _____@_____.com |
| **WRITING** | • Send your questions by mail to: SME Foreign Streaming Settlement, [ADDRESS] |
| **VISITING THE SETTLEMENT WEBSITE** | • www._____.com, where you will find answers to common questions about the Settlement, a Claim Form, plus other information to help you. |
| **REVIEWING LEGAL DOCUMENTS** | • You may also review the Court's file during regular court hours at:<br><br>U.S. District Court, Southern District of New York<br>500 Pearl Street<br>New York, NY 10007-1312 |

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THE LAWSUIT, THE SETTLEMENT, OR THIS NOTICE.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS. IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

DATED: _____, 2020          By Order of the United States District Court, Southern District of New York

---

QUESTIONS? CALL 1-1-___-___-____ TOLL-FREE, OR VISIT www._____Settlement.com.

- 10 -

# Exhibit A-2

## CLAIM FORM

## CLASS ACTION SETTLEMENT

**You may be eligible to receive money for past royalties from foreign streaming ("retrospective relief") as part of the settlement of a class action lawsuit. If you fail to return this Form, you may lose valuable rights under the Settlement. Specifically, you will not receive any retrospective relief provided for under the Settlement. Further, if you do not return this Form, the deadline by which Sony must pay or credit you with an additional royalty for foreign streaming in the future will be extended (although your additional royalty will be calculated from the same date as if you had returned this Form).**

If you wish to participate in the part of the settlement relating to past royalties for foreign streaming and/or want your future royalties for foreign streaming to be paid or credited earlier by Sony as set out above, please complete, sign, and return this Form, postmarked by **[Date]**, and mailed to SME Class Settlement, **[Settlement Administrator Address]**.

This Settlement applies to certain persons who have signed or who have rights under a contract with any record label that is now a part of or an affiliate of Sony Music Entertainment.  All such labels and entities are referred to in shorthand on this Form as SME.  If you receive royalty statements from SME, then you may be such a person.

1. Please identify the artist (individual or band), producer, or company that signed a recording contract or producer agreement with SME (or another contract with SME pursuant to which you are paid royalties) and on whose behalf you are responding.

   Name: _____

## PLEASE ANSWER THE FOLLOWING QUESTIONS:

2. Have you been paid or credited with royalties on foreign streams by SME at any time during the period from July 1, 2015, through June 30, 2019?  Yes ☐     No ☐     I Don't Know ☐

3. Have you signed a release of claims against SME for any period between July 1, 2015, and June 30, 2019, for royalties paid or credited to you by SME on foreign streams?  Yes ☐     No ☐     I Don't Know ☐

4. *If you answered "Yes" to Question #3*, did your release of claims against SME cover the entire period from July 1, 2015, through June 30, 2019?  Yes ☐     No ☐     I Don't Know ☐

*[Continued on next page]*

5. A. Are you the artist, the authorized representative of the artist, or the authorized representative of a company that signed a recording contract with SME?

    Yes ☐    No ☐

   B. Are you a successor-in-interest (e.g., the heir, estate, or assignee) to the artist or company that signed a recording contract with SME, or an authorized representative of a successor-in-interest to the artist or company that signed a recording contract with SME?

    Yes ☐    No ☐

   C. Are you a producer that signed a contract directly with SME, or an authorized representative of such a producer? *If you only receive a share of an artist's royalties under a letter of direction or a contract between you and an artist, check "No."*

    Yes ☐    No ☐

   D. Are you a successor-in-interest (e.g., the heir, estate, or assignee) to a producer that signed a contract directly with SME, or an authorized representative of such a successor? *If you only receive a share of an artist's royalties under a letter of direction or a contract between you and a producer or artist, check "No."*

    Yes ☐    No ☐

**If you are unsure about how to answer any question on this Form or have questions about your rights as a Class Member under this Settlement, please contact Class Counsel:**

**JOHNSON & JOHNSON LLP**
Neville L. Johnson
Douglas L. Johnson
439 N. Canon Dr. Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email: *njohnson@jjllplaw.com*
*djohnson@jjllplaw.com*

**PEARSON, SIMON & WARSHAW, LLP**
Clifford H. Pearson
Daniel L. Warshaw
Bobby Pouya
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
Email: *cpearson@pswlaw.com*
*dwarshaw@pswlaw.com*
*bpouya@pswlaw.com*

**KIESEL LAW LLP**
Paul R. Kiesel
Jeffrey A. Koncius
Nicole Ramirez
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
Email: *kiesel@kiesel.law*
*koncius@kiesel.law*
*ramirez@kiesel.law*

I declare that the foregoing information is true and correct to the best of my information and belief.

Date:_____

_____
Signature

_____
Printed Name

_____
Mailing Address

_____
Email Address

_____
Phone Number

# Exhibit A-3

To: [Class Member Email Address]
From: Notice@classactionadmin.com
Subject: Summary of Notice of Proposed Settlement of Class Action

Dear [Class Member Name]

**If you received foreign streaming royalties from Sony Music Entertainment ("SME") that were not calculated "at source," you could get compensation from a class action settlement.**

*A United States District Court authorized this Summary Notice. It is not a solicitation from a lawyer.*

You are receiving this email to notify you that a settlement has been reached in a class action lawsuit over how SME calculated royalties for Class Members on the foreign streaming of sound recordings subject to agreements with those Class Members. The settlement is not an admission of wrongdoing.

This is only a summary of the Notice. For more information, including a copy of the Notice, please visit [*www._____.com*], call toll-free 1-___-___-____, or send an email to ___@_____.com.

Judge Louis L. Stanton, United States District Court, Southern District of New York, is overseeing this case. The case is known as *The Rick Nelson Company, LLC v. Sony Music Entertainment*, 18-cv-08791 (LLS).

### Who is Affected by this Class Action?

You are a Class Member if you are a party to a Class Contract (defined in the Stipulation and Agreement of Settlement ("Stipulation") and summarized below).

"Class Contract" means a contract (i) to which SME, or any entity of which SME is a member or partner and on behalf of which SME pays or credits royalties, is a party; (ii) that provides for exploitation of audio or audiovisual recordings, the copyrights in which SME owns and/or controls; and (iii) in connection with which SME paid or credited any royalties for foreign streams calculated on a basis other than at-source revenue during the period from September 25, 2012, through June 30, 2019, or any portion thereof.

### What Can Class Members Get From the Proposed Settlement?

**1. Past Settlement Relief.** Certain Class Members who submit a valid Claim Form will get a pro rata share of $12.7 million in settlement funds, based on the total royalty amounts credited or paid to such Class Members for foreign streams attributable to their Class Contracts from July 1, 2015, through June 30, 2019. The formula for making this allocation is described in the Notice.

**2. Prospective Settlement Relief.** For Class Members who qualify, SME will add an additional royalty for Subject Recordings (as that term is defined in the Stipulation) equal to 36% of the royalty paid or credited to the Class Member for foreign streaming of such Subject Recordings as of June 30, 2019. While you do not have to submit a claim form to qualify for the Prospective Settlement Relief, if you are a Class Member, the additional royalty will be credited sooner if you submit a claim (you will receive the same amount either way).

### How Do You Receive a Benefit?

To: [Class Member Email Address]
From: Notice@classactionadmin.com
Subject: Summary of Notice of Proposed Settlement of Class Action

---

You must submit a Claim Form to receive Past Settlement Relief and to receive Prospective Settlement Relief sooner.  Instructions on how to qualify and submit a Claim Form are available in the Notice and posted at the settlement website ([*www._____.com*]). You also can obtain these instructions by calling toll-free  1-___-___-____, or sending an email to ___@_____.com.

### <u>What Are Your Other Options?</u>

If you are a Class Member and you don't want to receive a payment as described above and don't want to be legally bound by the settlement, you must exclude yourself by **[DATE]**, or you won't be able to sue, or continue to sue, SME about the legal claims in this case. If you exclude yourself, you can't receive a payment or credit, or any additional royalty, under the settlement. If you remain a Class Member, you may object to the settlement by **[DATE]**. The Notice describes how to exclude yourself or object.

The Court will hold hearings in this case on **[DATE]**, to consider whether to approve the settlement. The Court will also consider Class Counsel's motion for attorneys' fees and expenses and service awards to the Class Representative. You may appear at the hearings, but you don't have to.

# Exhibit A-4

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**To all persons who have received foreign streaming royalties from Sony Music Entertainment ("SME") that were not calculated "at source," you could get compensation from a class action settlement.**

*A United States District Court authorized this Summary Notice. It is not a solicitation from a lawyer.*

A settlement has been reached in a class action lawsuit over how SME calculated royalties for Class Members on the foreign streaming of sound recordings subject to agreements with those Class Members. The settlement is not an admission of wrongdoing.

This is only a summary of the Notice. The Notice and Claim Form will be provided to your last known email or physical address. If you did not receive a copy of the Notice and the Claim Form, please visit [*www._____.com*], call toll-free 1-___-___-____, or send an email to ___@_____.com to obtain copies.

Judge Louis L. Stanton, United States District Court, Southern District of New York, is overseeing this case. The case is known as *The Rick Nelson Company, LLC v. Sony Music Entertainment*, 18-cv-08791 (LLS).

### Who is Affected by this Class Action?

You are a Class Member if you are a party to a Class Contract (defined in the Stipulation and Agreement of Settlement ("Stipulation") and summarized below).

"Class Contract" means a contract (i) to which SME, or any entity of which SME is a member or partner and on behalf of which SME pays or credits royalties, is a party; (ii) that provides for exploitation of audio or audiovisual recordings, the copyrights in which SME owns and/or controls; and (iii) in connection with which SME paid or credited any royalties for foreign streams calculated on a basis other than at-source revenue during the period from September 25, 2012, through June 30, 2019, or any portion thereof.

### What Can Class Members Get From the Proposed Settlement?

**1. Past Settlement Relief.** Certain Class Members who submit a valid Claim Form will get a pro rata share of $12.7 million in settlement funds, based on the total royalty amounts credited or paid to such Class Members for foreign streams attributable to their Class Contracts from July 1, 2015, through June 30, 2019. The formula for making this allocation is described in the Notice.

**2. Prospective Settlement Relief.** For Class Members who qualify, SME will add an additional royalty for Subject Recordings (as that term is defined in the Stipulation) equal to 36% of the royalty paid or credited to the Class Member for foreign streaming of such Subject Recordings as of June 30, 2019. While you do not have to submit a claim form to qualify for the Prospective Settlement Relief if you are a Class Member, the additional royalty will be credited sooner if you submit a claim (you will receive the same amount either way).

## How Do You Receive a Benefit?

You must submit a Claim Form to receive Past Settlement Relief and to receive Prospective Settlement Relief sooner.  Instructions on how to qualify and submit a Claim Form are available in the Notice and posted at the settlement website ([*www._____.com*]). You also can obtain these instructions by calling toll-free  1-___-___-____, or sending an email to ___@_____.com.

## What Are Your Other Options?

If you are a Class Member and you don't want to receive a payment as described above and don't want to be legally bound by the settlement, you must exclude yourself by **[DATE]**, or you won't be able to sue, or continue to sue, SME about the legal claims in this case. If you exclude yourself, you can't receive a payment or credit, or any additional royalty, under the settlement. If you remain a Class Member, you may object to the settlement by **[DATE]**. The Notice describes how to exclude yourself or object.

The Court will hold hearings in this case on **[DATE]**, to consider whether to approve the settlement. The Court will also consider Class Counsel's motion for attorneys' fees and expenses and service awards to the Class Representative. You may appear at the hearings, but you don't have to.

2

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THE RICK NELSON COMPANY, LLC, a Delaware limited liability company, on behalf of itself and all others similarly situated,** | **Case No. 18-cv-08791 (LLS)** |
| **Plaintiff,** | |
| **v.** | |
| **SONY MUSIC ENTERTAINMENT, a Delaware corporation,** | |
| **Defendant.** | |

## <u>ORDER AND FINAL JUDGMENT</u>

On the _____ day of _____, 2021, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 4, 2020 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendant in the Complaint now pending in this Court under the above caption, including the release of the Defendant and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint with prejudice and without costs as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Class Counsel attorneys' fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was sent to certain SME royalty recipients, at the

respective addresses set forth in SME's records, and that a summary notice of the hearing

substantially in the form approved by the Court was published in the manner set forth in the

Settlement Administrator Notice Declaration to the specifications of the Court; and the Court

having considered and determined the fairness and reasonableness of the Settlement, the Plan of

Allocation, and the award of attorneys' fees and expenses requested; and all capitalized terms

used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, Plaintiff, all

Class Members, and Defendant.

2.      The Court finds that the prerequisites for a class action under Federal Rules of

Civil Procedure 23 (a) and (b)(3) for settlement purposes have been satisfied in that: (a) the

number of Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Class; (c) the claims of the Class

Representative are typical of the claims of the Class he seeks to represent; (d) the Class

Representative and Class Counsel have and will fairly and adequately represent the interests of

the Class; (e) the questions of law and fact common to the members of the Class predominate

over any questions affecting only individual members of the Class; and (f) a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

finally certifies this action as a class action for settlement purposes on behalf of all persons and

entities who are parties to a contract: (i) to which SME, or any entity of which SME is a member

or partner and on behalf of which SME pays or credits royalties, is a party; (ii) that provides for

exploitation of Recordings, the copyrights in which SME owns and/or controls; and (iii) in

connection with which SME paid or credited any royalties for Foreign Streams calculated on a basis other than Foreign Streams At-Source Revenue during the period from September 25, 2012, through June 30, 2019, or any portion thereof.  Excluded from the Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to SME.  **[Also excluded from the Class are the persons and/or entities who submitted Requests for Exclusion as listed on Exhibit 1 annexed hereto.  The Requests for Exclusion submitted by the persons and/or entities listed on Exhibit 2 annexed hereto are rejected.  The Court has made no determination as to whether these persons and/or entities are Class Members.] OR [No timely and valid Requests for Exclusion from the Class were received.]**

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Plaintiff The Rick Nelson Company, LLC as Class Representative for settlement purposes.

5.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.  Class Counsel has filed with the Court proof of mailing of the Notice and Claim Form and proof of publication of the Publication Notice.  The Settlement Administrator has also filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

6.    The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendant.

8.    Plaintiff, the Class, and each Class Member on behalf of themselves, their heirs, executors, administrators, attorneys, predecessors, successors and assigns, past, present, or future parent entities, associates, affiliates, members, partners, joint ventures, subsidiaries, third-party beneficiaries, and any persons or entities they represent, hereby fully, finally and forever release, relinquish, and discharge the Released Parties with respect to each and every Released Plaintiff Claim and shall forever be enjoined from prosecuting any of the Released Plaintiff Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Plaintiff Claims.

(a)    "Released Parties" means Defendant, including its unincorporated divisions and business units, and any of its past, present, or future parent entities, associates, affiliates, members, partners, joint ventures, or subsidiaries and each and all of their past, present and future officers, directors, stockholders, principals, employees, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates, parents, subsidiaries, joint ventures, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors, successors and assigns.

4

(b)     "Released Plaintiff Claims" shall collectively mean any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, derivative, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of contract, unjust enrichment, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Plaintiff, the Settlement Class, any Class Member or any of them in the past had, now has, or might in the future have against the Released Parties or any of them on the basis of, connected with, or in any way arising out of or relating to:  (1) royalties credited or paid under Class Contracts with respect to Foreign Streams for the period up to and including June 30, 2019; and (2) any allegation, claim, or contention that, in connection with past, present, or future transactions involving Foreign Streams of a given Recording in a given territory, SME is obligated to pay or credit a different percentage of Foreign Streams At-Source Revenue than the Effective At-Source Rate or, commencing with the Implementation Date, for Authorized Future Claimants, the New Effective Rate expressly provided for in Paragraph 20(b) of the Stipulation; provided, however, that the definition of Released Plaintiff Claims shall not in any way impair or restrict the rights to enforce the terms of the Settlement. Except as expressly provided in the Stipulation, nothing herein shall be deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms. The release of the "Released Plaintiff Claims" pursuant to the Stipulation and this Order and Final Judgment is without prejudice to any other rights or audit rights not involving those claims.

9.     Neither this Order and Final Judgment, the Stipulation, including any exhibits, orders or other documents referred to therein, nor any of its terms and provisions, nor any of the negotiations or proceedings related to the Stipulation, whether or not consummated, shall be:

(a)     offered or received against Defendant or any other Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant or any Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant or any Released Party;

(b)     offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or any Released Party, or against Plaintiff and the Settlement Class as evidence of any infirmity in their claims;

(c)     offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendant or any Released Party may refer to the Stipulation to effectuate the liability protection granted hereunder;

6

(d)     construed against Defendant or any Released Party or Plaintiff and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendant has any merit, or that damages recoverable under the complaint filed in the Action would not have exceeded the Past Settlement Relief and the Additional Royalty.

10.     The Plan of Allocation is approved as fair and reasonable, and Defendant's Counsel and Class Counsel are directed to administer the Stipulation in accordance with its terms and provisions.

11.     Class Counsel are hereby awarded  attorneys' fees in the amount of $_____ and expenses in the amount of $_____, which sums the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

12.     In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a)     The Settlement provides Past Settlement Relief of $12,700,000.00, less any attorneys' fees, expenses and enhancement awards, in cash and credits, and provides an Additional Royalty prospectively to Authorized Future Claimants, and accordingly, numerous Class Members will benefit from the Settlement negotiated by Class Counsel;

(b)     The Notice to Class Members indicated that Class Counsel were moving for an amount up to $_____ in attorneys' fees and $_____ in expenses and _____objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Class Counsel contained in the Notice;

(c)     Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was prosecuted over more than a year and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendant;

(f)     Class Counsel have devoted over _____ hours, with a lodestar value of $_____, to achieve the Settlement; and

(g)     The amount of attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

13.     The Rick Nelson Company, LLC is awarded a Class Representative enhancement award in the amount of $_____.  In ordering this payment the Court considered the willingness of The Rick Nelson Company, LLC to act as a named plaintiff in the class, the performance of its duties as a Class Representative, and the time and effort dedicated to the case throughout the course of the litigation.

14.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:          New York, New York
                _____, 2020

                                        _____
                                        Honorable Louis L. Stanton
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**List of Persons and Entities Requesting Exclusion from the Class in *Nelson v. Sony Music Entertainment*, No. 18-cv-08791 (LLS)**

The following persons and entities have properly requested exclusion from the Class in *Nelson v. Sony Music Entertainment*, 18-cv-08791 (LLS) and are not members of the Class bound by this Order and Judgment:

**EXHIBIT 2**

**List of Persons and Entities Whose Requests for Exclusion from the Class in *Nelson v. Sony Music Entertainment*, No. 18-cv-08791 (LLS) Are Rejected**

The Requests for Exclusion from the Class in *Nelson v. Sony Music Entertainment*, 18-cv-08791 (LLS) received from the following persons and entities are rejected: