
ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/25/21
```

THE RICK NELSON COMPANY, LLC, a
Delaware limited liability company, on
behalf of itself and all others similarly
situated,

        Plaintiff,

v.

SONY MUSIC ENTERTAINMENT, a
Delaware corporation,

        Defendant.

Case No. 18-cv-08791 (LLS)

## [PROPOSED] JUDGMENT

LLS

On the 25th day of May, 2021, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 4, 2020 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendant in the Complaint now pending in this Court under the above caption, including the release of the Defendant and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint with prejudice and without costs as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Class Counsel attorneys' fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was sent to certain Sony Music Entertainment ("SME") royalty recipients, at the respective

addresses set forth in SME's records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the manner set forth in the Settlement Administrator Notice Declaration to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the Settlement, the Plan of Allocation, and the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Plaintiff, all Class Members, and Defendant.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) for settlement purposes have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class he seeks to represent; (d) the Class Representative and Class Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action for settlement purposes on behalf of all persons and entities who are parties to a contract: (i) to which SME, or any entity of which SME is a member or partner and on behalf of which SME pays or credits royalties, is a party; (ii) that provides for exploitation of Recordings, the copyrights in which SME owns and/or controls; and (iii) in

connection with which SME paid or credited any royalties for Foreign Streams calculated on a basis other than Foreign Streams At-Source Revenue during the period from September 25, 2012, through June 30, 2019, or any portion thereof. Excluded from the Class are the Defendant and any person, trust, firm, corporation, or other entity affiliated with or related to SME. Also excluded from the Class are the persons and/or entities who submitted Requests for Exclusion as listed on Exhibit 1 annexed hereto. The Court has made no determination as to whether these persons and/or entities are Class Members.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Plaintiff The Rick Nelson Company, LLC as Class Representative for settlement purposes.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Class Counsel has filed with the Court proof of mailing of the Notice and Claim Form and proof of publication of the Publication Notice. The Settlement Administrator has also filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

6. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendant.

8. Plaintiff, the Class, and each Class Member on behalf of themselves, their heirs, executors, administrators, attorneys, predecessors, successors and assigns, past, present, or future parent entities, associates, affiliates, members, partners, joint ventures, subsidiaries, third-party beneficiaries, and any persons or entities they represent, hereby fully, finally and forever release, relinquish, and discharge the Released Parties with respect to each and every Released Plaintiff Claim and shall forever be enjoined from prosecuting any of the Released Plaintiff Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Plaintiff Claims.

(a) "Released Parties" means Defendant, including its unincorporated divisions and business units, and any of its past, present, or future parent entities, associates, affiliates, members, partners, joint ventures, or subsidiaries and each and all of their past, present and future officers, directors, stockholders, principals, employees, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates, parents, subsidiaries, joint ventures, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors, successors and assigns.

(b) "Released Plaintiff Claims" shall collectively mean any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, derivative, representative, legal, equitable, or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence, breach of

contract, unjust enrichment, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Plaintiff, the Settlement Class, any Class Member or any of them in the past had, now has, or might in the future have against the Released Parties or any of them on the basis of, connected with, or in any way arising out of or relating to: (1) royalties credited or paid under Class Contracts with respect to Foreign Streams for the period up to and including June 30, 2019; and (2) any allegation, claim, or contention that, in connection with past, present, or future transactions involving Foreign Streams of a given Recording in a given territory, SME is obligated to pay or credit a different percentage of Foreign Streams At-Source Revenue than the Effective At-Source Rate or, commencing with the Implementation Date, for Authorized Future Claimants, the New Effective Rate expressly provided for in Paragraph 20(b) of the Stipulation; provided, however, that the definition of Released Plaintiff Claims shall not in any way impair or restrict the rights to enforce the terms of the Settlement. Except as expressly provided in the Stipulation, nothing herein shall be deemed to terminate, modify or cancel any provision of any Class Contract, each of which shall otherwise continue in full force and effect in accordance with its terms. The release of the "Released Plaintiff Claims" pursuant to the Stipulation and this Order and Final Judgment is without prejudice to any other rights or audit rights not involving those claims.

9.  Neither this Order and Final Judgment, the Stipulation, including any exhibits, orders or other documents referred to therein, nor any of its terms and provisions, nor any of the negotiations or proceedings related to the Stipulation, whether or not consummated, shall be:

(a)  offered or received against Defendant or any other Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or

admission by Defendant or any Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant or any Released Party;

(b) offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or any Released Party, or against Plaintiff and the Settlement Class as evidence of any infirmity in their claims;

(c) offered or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendant or any Released Party may refer to the Stipulation to effectuate the liability protection granted hereunder;

(d) construed against Defendant or any Released Party or Plaintiff and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendant has any merit, or that damages recoverable

under the complaint filed in the Action would not have exceeded the Past Settlement Relief and the Additional Royalty.

10. The Plan of Allocation is approved as fair and reasonable, and Defendant's Counsel and Class Counsel are directed to administer the Stipulation in accordance with its terms and provisions.

11. Class Counsel are hereby awarded attorneys' fees in the amount of $ 4,233,333.33 and expenses in the amount of $ 27,927.96 , LLS which sums the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

12. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a) The Settlement provides Past Settlement Relief of $12,700,000.00, less any attorneys' fees, expenses and enhancement awards, in cash and credits, and provides an Additional Royalty prospectively to Authorized Future Claimants, and accordingly, numerous Class Members will benefit from the Settlement negotiated by Class Counsel;

(b) The Notice to Class Members indicated that Class Counsel were moving for an amount up to $4,233,333.33 in attorneys' fees and $60,000 in expenses and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Class Counsel contained in the Notice;

(c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

///

///

///

(d) The action involves complex factual and legal issues and was prosecuted over more than a year and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class might have recovered less or nothing from the Defendant; *LLS*

(f) Class Counsel have devoted over 1,583.4 hours, with a lodestar value of $1,357,374.50, to achieve the Settlement; and

(g) The amount of attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

13. The Rick Nelson Company, LLC is awarded a Class Representative enhancement award in the amount of $ 25,000.- . In ordering this payment the Court considered the *LLS* willingness of The Rick Nelson Company, LLC to act as a named plaintiff in the class, the performance of its duties as a Class Representative, and the time and effort dedicated to the case throughout the course of the litigation.

14. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

/ / /

/ / /

/ / /

8

16.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: **May 25**, 2021

_Louis L. Stanton_
Honorable Louis L. Stanton
UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

### List of Persons and Entities Requesting Exclusion from the Class in *Nelson v. Sony Music Entertainment*, No. 18-cv-08791 (LLS)

The following persons and entities have properly requested exclusion from the Class in *Nelson v. Sony Music Entertainment*, 18-cv-08791 (LLS) and are not members of the Class bound by this Order and Judgment:

1. ESTATE OF ARETHA FRANKLIN, A/K/A ARETHA LOUISE FRANKLIN
2. ELVIS PRESLEY ENTERPRISES LLC C/O AUTHENTIC BRANDS GROUP LLC
3. KENNETH ARNOLD CHESNEY, PKA KENNY CHESNEY
4. KORN PARTNERSHIP
5. TOTO CORPORATION INC
6. FUTURE HISTORY INC., JASON DESROULEAUX
7. MARTINA MCBRIDE
8. BILLY JOEL
9. PAUL SIMON, DBA PAUL SIMON MUSIC
10. PAUL SIMON
11. TONY BENNETT
12. LES PRODUCTIONS FEELINGS INC
13. KADAN LTD, O/B/O DAVE BRUBECK
14. JAMES TAYLOR
15. UNA NILSSON TRUSTEE OF THE HARRY NILSSON AND UNA NILSSON TR UDT 7/22/86
16. REBA MCENTIRE
17. EVEN ST PRODUCTIONS LTD
18. SIGMUND "JACKIE" JACKSON
19. TARIANO "TITO" JACKSON
20. THE ESTATE OF GLENN GOULD AND GLENN GOULD LIMITED
21. WHITNEY E HOUSTON
22. JUSTIN'S SCHOOL FOR GIRLS INC F/S/O JUSTIN TRANTER
23. CHASE RICE
24. MARLON JACKSON
25. ARTHUR GARFUNKEL
26. DOLLY PARTON
27. CHRISTOPHER MAURICE BROWN AND CHRIS BROWN ENTERTAINMENT LLC
28. CARRIE UNDERWOOD
29. HONEST OG RECORDING LLC F/S/O MEGHAN TRAINOR
30. ALICE IN CHAINS
31. PEARL JAM
32. LYNDA SMITH PKA CHERYL LYNN
33. GRACE SLICK JOHNSON, AFTERTHOUGH PRODUCTIONS CORP, JEFFERSON STARSHIP INC

34. SURVIVOR
35. CAROLE KING
36. TYLER
37. MS LAURYN HILL
38. RAGE AGAINST THE MACHINE
39. A TRIBE CALLED QUEST
40. Q-TIP
41. CYPRESS HILL
42. AERODISC PARTNERSHIP
43. ERIC CARMEN, ERIC CARMEN MUSIC LLC ECB INC, RICHARD A NEWCOMER TRUST
44. WHOLE OATES ENTERPRISES
45. AARON FREDRICK MITCHELL AJ MITCHELL LLC
46. DARYL HALL HALLOWED HALL ENTERPRISES