ORIGINAL

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**MEMO ENDORSED**

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T 212 841 1000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/21

By ECF

November 18, 2021

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   The Rick Nelson Company, LLC v. Sony Music Entertainment,
      Case No. 1:18-cv-08791 (LLS)

Dear Judge Stanton:

We represent defendant Sony Music Entertainment ("SME"). We write pursuant to Rule 3.B of Your Honor's Individual Rules and Practices in Civil Cases to request the redaction of certain proprietary, confidential, and commercially sensitive information contained in Exhibit C to the Declaration of Andrea Finkelstein in Support of Defendant's Motion for Class Distribution Order ("Finkelstein Declaration"), which will be filed today on the public docket with its proposed redactions. Contemporaneously with this letter, we are filing a version of the Finkelstein Declaration and its Exhibit C under seal with the proposed redactions highlighted. Class Counsel does not oppose SME's request to redact this information.

In accordance with the terms of the Stipulation and Agreement of Settlement dated September 4, 2020 ("Stipulation")—which the Court approved as fair, reasonable, and adequate by its Judgment entered May 25, 2021—Exhibit C to the Finkelstein Declaration presents SME's Proposed Accounting of Payments and Credits to Authorized Past Claimants (the "Proposed Accounting"), which details the proposed allocation of Past Settlement Relief to Authorized Past Claimants. SME has submitted the Proposed Accounting for the Court's review further to SME's Motion for a Class Distribution Order as contemplated by the Stipulation.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), judicial documents may be filed under seal when "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (citation omitted). Here, the Proposed Accounting contains a calculation of the Past Settlement Relief allocated to each Authorized Past Claimant, based on each Authorized Past Claimant's pro rata share of total eligible royalties attributable to all such Claimants' Class Contracts. *See* Stipulation ¶ 20(a). This information is derived from and reflects proprietary, confidential, and commercially sensitive information, including but not limited to Claimant-specific royalty rates and royalty payments that underlie the allocation calculations.

*Handwritten endorsement:* This redaction is justified, commercially necessary, narrowly limited, devoid of any material public-information deprivation, and is approved.

So Ordered.
Louis L. Stanton
11/19/21

**COVINGTON**

Hon. Louis L. Stanton
November 18, 2021
Page 2

   Public disclosure of this information would prejudice both SME and the Authorized Past Claimants. Music-industry royalty negotiations are highly competitive, and public disclosure of information derived from and reflecting royalty rates and payments would thus prejudice SME in negotiations with recording artists and other licensors—who would be able to use this information to negotiate better terms—and would harm SME's and each Authorized Past Claimant's competitive position. This type of commercial harm justifies redacting the Proposed Accounting under the standard for filing under seal set forth in *Lugosch*. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Lev*in, *D.M.D.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion under *Lugosch* standard to seal documents containing "highly proprietary" information regarding defendants' business practices, including "marketing strategies, product development, costs and budgeting").

   Furthermore, each of the Claimant-specific allocations of Past Settlement Relief set forth in the Proposed Accounting reflects a portion of the Claimant's actual financial compensation under the Settlement, of which the Authorized Past Claimants have not consented to public disclosure.

   In addition, SME's proposed redactions are narrowly tailored to protect from public disclosure only the proprietary, confidential, and commercially sensitive information actually contained in the Proposed Accounting. The list of Authorized Past Claimants, together with the total amount of Past Settlement Relief allocated to the Authorized Past Claimants as a whole, would be left unredacted. Moreover, to the extent that any Authorized Past Claimant wishes to review its own Claimant-specific pro rata share and allocation of Past Settlement Relief as set forth in the Proposed Accounting, SME would be willing, upon request, to provide a version of the Proposed Accounting to that affected Authorized Past Claimant that reveals its own Claimant-specific information.

   For these reasons, SME requests that the Court approve the proposed reductions in Exhibit C to the Finkelstein Declaration.

                     Respectfully submitted,

                     s/ Jonathan M. Sperling

                     Jonathan M. Sperling

cc:  All counsel of record (by ECF)